407 F.2d 1084
 Frederick T. SCHNELL, individually and as President of the Chicago chapter of the American Society of Magazine Photographers; P. Michael O'Sullivan; Howard Michael Berliant; and Daniel D. Morrill, on behalf of themselves and all other members of the press similarly situated, Plaintiffs-Appellants,
v.
CITY OF CHICAGO; James B. Conlisk, Superintendent of Police of the City of Chicago; and certain officers of the Police Department of the City of Chicago, whose true identities are unknown to plaintiffs, Defendants-Appellees.
 No. 17147.
 United States Court of Appeals Seventh Circuit.
 March 17, 1969.
 
 Stanley A. Bass, Edwin A. Rothschild, David C. Long, Willard J. Lassers, Chicago, Ill., for appellants.
 Irving Leuchter, Newark, N. J., amicus curiae.
 Raymond F. Simon, Marvin E. Aspen, Stuart Sikevitz, Chicago, Ill., for appellees.
 Before HASTINGS, Senior Circuit Judge, SWYGERT and CUMMINGS, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 This is an appeal from the district court's dismissal on its own motion of the plaintiffs' complaint which was brought under 42 U.S.C. § 1983. The complaint was filed Wednesday, August 28, 1968, during the middle of the week of the Democratic National Convention which was held in Chicago. The plaintiffs are news photographers who covered the Convention and attendant street activities during that week. The suit is a class action on behalf of the plaintiffs and all other members of the press similarly situated. Defendants are the City of Chicago, the Chicago Superintendent of Police, James B. Conlisk, Jr., and certain police officers of the Chicago Police Department whose identities are not known because of their alleged refusal to identify themselves and deliberate concealment of their identity resulting from the removal of their badges. The plaintiffs seek a permanent injunction against the defendants which would prevent them from "interfering with plaintiffs' constitutional right to gather and report news, and to photograph news events" and an order directing Police Superintendent Conlisk "to take appropriate action, including the issuance of proper orders, rules, regulations and instructions to the officers of the Chicago Police Department to insure the complete cessation of threats, force, or intimidation against plaintiffs."
 
 
 2
 When we are presented with an appeal from the dismissal of a complaint for lack of jurisdiction and failure to state a claim, the scope of our inquiry is limited to the complaint and the accompanying affidavits and exhibits. Contrary to the defendants' claim, the affidavits and exhibits attached to the complaint are a part thereof for all purposes. Fed.R. Civ.P. 10(c); Fisher Iron & Steel v. Elgin, J. & E. Ry. Co., 101 F.2d 373 (7th Cir. 1939). The district court's disclaimer of jurisdiction in this section 1983 case was in error. The Judicial Code, 28 U.S.C. § 1343(3), grants to the district courts original jurisdiction in civil actions commenced "to redress the deprivation, under color of any State law, statute, ordinance * * * of any right, privilege or immunity secured by the Constitution * * *." See also Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966); Note, THE FEDERAL INJUNCTION AS A REMEDY FOR UNCONSTITUTIONAL POLICE CONDUCT, 78 Yale L.J. 143 (1968).
 
 
 3
 Viewing the plaintiffs' allegations in a light most favorable to them and construing the pleadings so as to do substantial justice as required by Fed.R.Civ.P. 8(f), we are of the view that the complaint states a claim under section 1983 upon which relief can be granted. This is a suit for equitable relief only and it is apparent from the literal wording of section 1983 that injunctive relief is a proper remedy if the alleged unconstitutional deprivation of rights is established. See Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961). Under section 1983, equitable relief is appropriate in a situation where governmental officials have notice of the unconstitutional conduct of their subordinates and fail to prevent a recurrence of such misconduct. Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). From a legal standpoint, it makes no difference whether the plaintiffs' constitutional rights are violated as a result of police behavior which is the product of the active encouragement and direction of their superiors or as a result of the superiors' mere acquiescence in such behavior. In either situation, if the police officials had a duty, as they admittedly had here, to prevent the officers under their direction from committing the acts which are alleged to have occurred during the Convention, they are proper defendants in this action. Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966). If the injuries which allegedly predated the filing of the complaint and which allegedly will reoccur at a future time are established at trial, the district court would be warranted in granting some form of the relief requested. Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966). The presumption of irreparable harm is manifest here where it is alleged that first amendment rights have been chilled as a result of both government action and inaction. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). There can be no conclusion but that the complaint sufficiently alleges that constitutionally protected activity was and continues to be interfered with by the named defendants and that the defendants have the duty and power to prevent any future interference. These allegations, if true, would be ground for relief under 42 U.S.C. § 1983.
 
 
 4
 The defendants contend, however, that the City of Chicago and the Superintendent of Police are not proper parties in this action. Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961), and Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966), demonstrate that this contention is erroneous. The claim is also made that unknown police officers are not proper parties to this action. Unlike Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), liability in the form of money damages is not sought here. There is no reason why unidentified and allegedly unidentifiable police officers should not be subject to this action and to a remedial injunction if issued. A contrary rule would encourage continuation of the unlawful removal of official identification which allegedly occurred during the week of the Democratic National Convention. The final defense asserted by the defendants is that this is not a proper class action under Fed.R.Civ.P. 23(a) (4) for the reason that the plaintiff news photographers do not adequately represent all news media personnel. This argument is without any merit. We perceive no meaningful difference between the news photographers as a class and news media personnel.
 
 
 5
 The judgment of dismissal is reversed and the cause is remanded for trial on the merits.