Jane DOE, individually and on behalf of her minor dependent children, and in behalf of all others similarly situated, Plaintiff,

v.

Louis P. KURTIS, as Commissioner of Welfare of the County of Westchester and George K. Wyman, as Commissioner of Welfare of the State of New York, Defendants.

Mary DOE, individually and on behalf of her minor dependent children, and in behalf of all others similarly situated, Plaintiff,

v.

Louis P. KURTIS, as Commissioner of Welfare of the County of Westchester and George K. Wyman, as Commissioner of Welfare of the State of New York, Defendants.

No. 69 Civ. 4030.

United States District Court
S. D. New York.

Nov. 26, 1969.

The Legal Aid Society of Westchester County, White Plains, N. Y., for plaintiff Jane Doe and proposed intervenor Mary Doe; Bernard Clyne, Norman B. Lichtenstein, White Plains, N. Y., Victor

J. Rubino, New Rochelle, N. Y., Martin A. Schwartz, New York City, of counsel.

Gordon Miller, County Atty., County of Westchester, White Plains, N. Y., for defendant Louis P. Kurtis; Richard W. McAtamney, Senior Asst. County Atty., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendant George K. Wyman; Samuel A. Hirshowitz, First Asst. Atty. Gen., Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

This action for declaratory and injunctive relief was commenced by plaintiff Jane Doe on behalf of herself, her minor dependent children and all others similarly situated, and seeks a judgment that New York Social Services Law, McKinney's Consol.Laws, c. 55, section 132–a, on its face and as applied, violates the Fifth and Fourteenth Amendments to the United States Constitution and conflicts with the relevant parts of the federal Social Security Act, 42 U.S. C. sections 601–610. Plaintiff now moves for a preliminary injunction and for an order convening a three-judge court pursuant to 28 U.S.C., sections 2281 and 2284. Mary Doe has moved to intervene as a plaintiff and advances in support of her attack the identical grounds presented in the initial complaint.

Section 132–a here under attack applies to unwed mothers and provides that in appropriate cases such applicants for public assistance shall be required to file a petition in the Family Court to determine the paternity of their children and to assist and cooperate in establishing paternity unless the children have been surrendered to a social services official for adoption or such surrender is under consideration. The provision itself contains no sanction in the event of the refusal of the mother to cooperate. However, as initially applied in the instance of plaintiff, the section was invoked to suspend payment of Aid to Dependent Children (ADC) benefits due the children and the mother when she refused either to institute or to cooperate in paternity proceedings.

The plaintiff raises four major contentions: (1) that the statute violates the Equal Protection Clause by creating an unreasonable distinction between dependent illegitimate children whose mothers refuse to institute proceedings against their putative fathers and other dependent illegitimate children; (2) that it conflicts with the sections of the Social Security Act (42 U.S.C. sections 601–610) under which the New York ADC program has been enacted, in that, contrary to the federal act, it imposes an eligibility requirement based upon a mother's willingness to cooperate in paternity proceedings; (3) that it violates the mother's right against self-incrimination under the Fifth Amendment, since her cooperation in a paternity proceeding could require an admission of adultery, a crime under New York law; and (4) that it violates her right of privacy by requiring her to reveal and testify to intimate details of her personal life.

We do not reach the narrow issue presented on the motion for a three-judge court, to wit, whether one or all of the foregoing constitutional claims are of substance and present a basis for equitable relief.[1] Whatever merit there may be in the tendered constitutional issues, the case has been mooted by an amended and all-encompassing regulation promulgated by the New York Commissioner of Social Services.[2] The regulation applies not only to this plaintiff,

---

1. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

2. The defendants claim that even apart from the regulation, this case had already been mooted by the restoration of full assistance to plaintiff and to the intervenor. In the light of the regulation, it is unnecessary to pass upon this contention.

but is of general application and applies to all on whose behalf plaintiff asserts this action is brought. The amended section provides:[3]

"Where an applicant for or recipient of public assistance refuses to institute proceedings to determine the paternity of her child, the social services official shall, in an appropriate case, institute such proceedings. In such cases the refusal of the mother to institute such proceedings and to otherwise cooperate with the social services official in establishing the paternity of her child shall be brought to the attention of the family court for whatever action such court may wish to take under the circumstances. *However, public assistance or care shall not be discontinued or denied any children, and their mother as caretaker for the children, because of the refusal of the mother to institute paternity proceedings and to otherwise assist and cooperate with the social services official in establishing the paternity of her child.*" [Emphasis added.]

All of plaintiff's claims were founded upon an assertion that section 132-a mandated the cessation of ADC payments if a mother did not cooperate in a paternity suit. But whatever danger previously existed that benefits would be withdrawn from the children or the mother if the mother refused to take action against the putative father has been eliminated by the regulation. The needy and dependent children and the mothers continue to receive the benefits and public assistance intended for them regardless of whether the mother cooperates or does not cooperate in any paternity proceeding. In sum, there is no factual basis upon which to predicate a claim for injunctive relief since there is no danger of discontinuance of payments.[4]

The defendants' motion to dismiss the complaint for mootness is granted. Consequently, the motion of Mary Doe for leave to intervene must fail.

---

3. Regulations of the State Department of Social Services, tit. 18, § 351.2(c)2(vii) (1969).

4. *Cf.* United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Linehan v. Waterfront Comm. of N. Y. Harbor, 116 F.Supp. 401, 404–406 (S.D.N.Y.1953).