**R. ROE et al., Plaintiffs,**

v.

**STATE OF NEW YORK et al., Defendants.**

No. 70 Civ. 457.

United States District Court, S. D. New York.

March 27, 1970.

Morton P. Cohen, South Brooklyn Legal Services, Brooklyn, N. Y., for plaintiffs Roe, Soe and Joe; Albert Angeloro, Harlem Assertion of Rights, New York City, for plaintiff Moe; Marcia Lowry, Community Action for Legal Services, Inc., New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendants; Irving L. Rollins, Asst. Atty. Gen., of counsel.

**WYATT, District Judge.**

This is a motion for defendants for an order dismissing the complaint "for failure of the infant plaintiffs herein to state their true names in the title thereof". The motion is said to be under Fed.R.Civ.P. 10(a).

The complaint and the motion raise a novel question: whether an action can be commenced in a federal court by the filing of a complaint in which the names of all plaintiffs are fictitious.

The complaint was filed on February 4, 1970. It is stated that there are four plaintiffs, boys from fourteen to sixteen years old, who are in custody at training schools of the State of New York under commitments of the Family Court.

The four plaintiffs are all named in the caption and in the complaint under fictitious names: R. Roe, M. Moe, S. Soe, and J. Joe. Three of the plaintiffs sue by their mother and next friend, whose names are also fictitious; one sues by guardian ad litem, Morton P. Cohen, Esq., attorney for three of the plaintiffs.

The complaint avers that plaintiffs "are all natural persons who are employing fictitious names for the purposes of this action in order to protect their true identities. Plaintiffs fear that if their commitment to state training schools were to become generally known, they would be subjected to personal embarrassment, harassment, and ridicule, and upon their release, would be hampered in their attempts to assimilate into the community".

The complaint avers that plaintiffs, under Family Court Act §§ 712, 752, have been found to be juvenile delinquents or persons in need of supervision and that they have been placed in state training schools under Family Court Act § 756. The complaint further avers that the state training schools have inadequate personnel and facilities; that plaintiffs and other pupils get very little schooling, much less than on the outside; that much of their time is spent on menial chores, in solitary confinement, or watching television; and that they receive no, or too little, psychiatric, psychological or social service assistance.

The grievance asserted is that plaintiffs are imprisoned as minors and are not being given "adequate rehabilitative treatment"; that they are confined for a longer time than adults who commit the same act and, absent any adequate treatment, that this violates the equal protection and due process clauses; that the same violations occur if minors are so confined for the same length as adults; that to confine minors without adequate treatment is a cruel and unusual punishment; and that the inadequate training and guidance being received by plaintiffs is in violation of the Social Services Law.

The plaintiffs ask for a declaratory judgment that they are entitled to adequate care and treatment and are not presently receiving such, for an injunction against defendants denying adequate care and treatment, and for a money judgment.

The suit is said to be based on one of the Civil Rights Acts, 42 U.S.C. § 1983. Jurisdiction is invoked under 28 U.S.C. §§ 1343(3), 2201, and 2202.

Fed.R.Civ.P. 3 provides: "A civil action is commenced by filing a complaint with the court".

Fed.R.Civ.P. 10(a) requires that in the complaint "the title of the action shall include the names of all the parties".

No precedents have been found nor any discussion, but a reasonable conclusion seems to be that if a complaint does not identify any plaintiff in the title or otherwise, then its filing is ineffective to commence an action. The Court must be able to identify from the complaint at least one plaintiff by name; otherwise, no action has been commenced.

If an action had been commenced by the filing of this complaint, then amendments could be permitted or protective orders made, on a proper showing, which would shield the identity of plaintiffs from the public while permitting this necessary knowledge to the Court and to the defendants.

It is concluded that no action has been commenced by the filing of this complaint and therefore that this Court has nothing before it on which to act. While this conclusion was in no way affected thereby, it may be noted in passing that the reasons for using fictitious names here do not seem to be weighty.

In a case recently decided by Judge Weinfeld, the plaintiff was "Jane Doe". The complaint was dismissed as moot. Doe v. Kurtis, 306 F.Supp. 509 (S.D.N.Y.1969). The use of fictitious names was not mentioned. Examination of the complaint shows that the true name and address of plaintiff was set forth in letters annexed to the complaint and referred to therein. A motion to intervene had been made by "Mary Doe" but an affidavit supporting the motion was executed in her true name.

Similarly the plaintiff was "Mrs. Jane Doe" in Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969). The complaint, however, was verified by the signature of plaintiff under her true name.

Three actions together reached the Supreme Court from the state courts in Connecticut in Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). In one of the actions a physician was plaintiff and used his true

name; in two of the actions the names used were fictitious. There was no discussion of the point in the Supreme Court except to record in a footnote that the Connecticut court had approved the procedure. In the highest court in Connecticut, it had been said on this point (Buxton v. Ullman, 147 Conn. 48, 156 A.2d 508, 514 (1959)):

> "Because of the intimate and distressing details alleged in these complaints, it is understandable that the parties who are allegedly medical patients would wish to be anonymous. To obviate any possibility that the parties and the issues raised are fictitious and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his own should, before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases. The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest."

The decision as to procedure under Connecticut law is, of course, not controlling here and, moreover, in one of the actions heard together there was a plaintiff under his true name, the doctor, and the other plaintiffs were alleged to be his patients.

The motion of defendants to dismiss was made returnable on March 17, 1970. At the argument, counsel for plaintiffs offered to identify the plaintiffs by their true names, under protective provisions. There was also presented to the Court by counsel for plaintiffs a proposed order, with temporary restraining order, requiring defendants to show cause why they should not be restrained from accepting any further minors under Family Court orders and from using solitary confinement as a punishment or corporal punishment. Affidavits submitted with this proposed order identified the plaintiffs by their true names. Copies of these papers were given to counsel for defendants with instructions from the Court that the names of plaintiffs were to be kept confidential. The application for the order to show cause and temporary restraining order was heard on Friday, March 20, 1970.

If no action had been commenced by the filing of this complaint, then the subsequent disclosure of the true names of plaintiffs did not change the situation.

By granting the present motion, I would not wish to put form before substance or to penalize litigants for minor or technical lapses of procedure. It seems to me, however, that there is here a defect of substance. Sound public policy would appear to require that a complaint identify by true name at least one plaintiff if the filing is to commence an action; if the complaint fails to identify by true name at least one plaintiff then its filing is not effective to commence an action.

The motion, therefore, should be granted but it is logically inconsistent to dismiss an action which has never been commenced. A judgment must be entered, however, so that an appeal may be taken, if desired.

The proposed order to show cause and exhibits will be returned unsigned to counsel for plaintiffs without prejudice to its resubmission in the event this order is reversed or an action is properly commenced. Nothing said herein is intended to express any opinion as to the merits of the claims made in the complaint.

The motion is granted and the Clerk is directed to enter judgment dismissing the complaint on the ground that no action was commenced when this complaint was filed.

So ordered.