Jane **KATZ** et al., Plaintiffs,

v.

John **McAULAY** et al., Defendants.

**70 Civ. 716.**

United States District Court,
S. D. New York.

May 8, 1970.

Paul G. Chevigny, New York Civil Liberties Union, Neal M. Goldman, New York City, for plaintiffs.

White & Case, New York City, for defendants; John M. Johnston, Raymond W. Vickers, New York City, of counsel.

## OPINION

McLEAN, District Judge.

Plaintiffs, students at the Ardsley High School, wish to engage in "leafleting" on the school premises, that is to say, they desire to hand out to their fellow students written documents expressing their views on public issues and soliciting money to support the causes in which they are interested. More specifically, in February 1970, plaintiffs attempted to distribute in the school building a one-page sheet entitled "Join the Conspiracy." In it they expressed their sympathy for certain "activists" then on trial on a criminal charge before Judge Hoffman in the United States District Court for the Northern District of Illinois. The leaflet stated:

> "More than $33,000 per month is spent on their defense. *Money is desperately needed* to give these people a just trial. Money is needed to pay for transcripts. *Please* contribute and/or buy a button from Jane Katz, Carey Marvin, Greg Gottlieb or anyone else who is helping out."

The defendant school officials forbade plaintiffs to distribute this leaflet on school premises. In so doing they acted pursuant to a resolution of the Board of Regents of the State of New York which prohibits the soliciting of funds from school children in the public schools of this state, with the single exception that such solicitation is permitted on behalf

of the American Junior Red Cross, provided that the school authorities consent.

Plaintiffs sue for a declaratory judgment declaring that "the policies, regulations and actions of the defendants * * * are unconstitutional." Plaintiffs also ask an injunction restraining defendants from preventing them from distributing this particular leaflet or any other leaflet which plaintiffs may wish to distribute soliciting funds for causes involving "matters of public interest." Jurisdiction is based on the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983.

■ Plaintiffs have moved for a preliminary injunction. They claim that they have been discriminated against because Ardsley High School students are allowed (1) to solicit funds for the Junior Red Cross, (2) to sell newspapers, specifically the New York Times. The second claim is frivolous. As to the first, the Superintendent of Schools denies that there has been any solicitation in the High School, as distinct from the elementary schools, for the Junior Red Cross. He further states that he has now directed that there shall be no solicitation in the future even for that organization. In view of this representation and promise, which I assume will be kept, that there will be no solicitations of funds at all even for so worthy a cause as the American Red Cross, the claim of discrimination does not seem to me sufficiently serious to justify a preliminary injunction on this ground.

Plaintiffs also claim that in preventing them from distributing this leaflet in the school building, defendants violated their First Amendment rights of free speech. This is a much more substantial claim. It must be borne in mind, however, that we are concerned on this motion with one particular document, a leaflet which contains a plea for financial contributions. There is no claim

that defendants have forbidden the distribution of any other document which confined itself to expressions of opinion without a request for money. We are not concerned, therefore, with free speech in the abstract or with broad generalizations about the rights of students to announce their opinions to anyone sufficiently interested to read or listen. The narrow question before me is whether there is a sufficient likelihood that plaintiffs will prevail at the trial in their contention that the decision of the school authorities with respect to this or similar documents violated plaintiffs' First Amendment rights to require the issuance of a preliminary injunction.*

Plaintiffs place their main reliance on Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). The Supreme Court there held that the school officials had violated the students' First Amendment rights by forbidding them to wear black armbands in silent protest against the Vietnam war. After stating that the First Amendment means what it says, the Court said (393 U.S. at 513, 89 S.Ct. at 740):

"We properly read it to permit reasonable regulation of speech-connected activities in carefully restricted circumstances."

Fund solicitation by students on school premises was not in any way involved in Tinker. I have found no other case concerned with it. The ultimate question to be decided on the merits in the present case is whether the action of defendants pursuant to the Regents' rule in prohibiting such solicitation is a "reasonable regulation of speech-connected activities."

■ The Regents' rule was promulgated in 1923. Presumably the sort of student unrest so prevalent today would have been beyond the comprehension of the Regents of fifty years ago. Although

* Normally the matter of irreparable injury would also be considered on a motion for a preliminary injunction. There is authority, however, for the proposition that irreparable injury is presumed in a First Amendment case. Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969).

there is no evidence on the subject in the present record, it seems safe to assume that the rule was not intended to prevent the exercise of free speech by students or by anyone else. The purpose would appear to have been to protect school children from annoyance at the hands of solicitors eager, for one reason or cause or another, to induce them to part with their pocket money. To my mind, it seems an eminently reasonable regulation.

■ I am not called upon to decide the ultimate merits now. On the scanty facts contained in the affidavits in this motion, and in the present state of the law, I do not feel that I can say that there is a strong likelihood of plaintiffs' ultimate success at the trial.

Pursuant to Rule 52(a), this opinion constitutes the court's findings of fact and conclusions of law.

The motion for a preliminary injunction is denied.

So ordered.