Richard **BLACK**, Plaintiff,

v.

Herbert D. **BROWN** et al., Defendants.

No. 71 C 1519.

United States District Court,
N. D. Illinois, E. D.

March 13, 1973.

Richard Black, pro se.

Warren K. Smoot, Chicago, Ill., appearing for Wm. J. Scott, Atty. Gen., of Ill., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

Plaintiff is currently incarcerated in the Illinois State Penitentiary, Stateville Branch, pursuant to a jury verdict of guilty, in the Cook County Circuit Court. Alleging that prison officials have violated his constitutional rights in various ways, he invokes the jurisdiction of the Court under 28 U.S.C. § 1343, with his requested monetary and injunctive relief based on 42 U.S.C. § 1983 and § 1985. The defendants move either to dismiss the complaint or for summary judgment.

On March 21, 1969, the plaintiff was removed from the general prison population and placed in punitive isolation for alleged violations of the prison rules. On April 4, 1969, he was removed from isolation and placed in the segregation unit until September 27, 1970. The plaintiff asserts varying bases to support his conclusion that he has been deprived of his constitutionally protected rights. These include that (1) his removal from the general population into punitive isolation on March 21, 1969 without a hearing or without the benefit of counsel violated due process; (2) his placement in isolation and segregation deprived the plaintiff of free access to the courts; (3) his deprivation of statutory good time without his personal appearance before the Merit Staff violated procedural due process.

Plaintiff requests a declaratory judgment that the prison procedures complained of are unconstitutional and asks the court to enjoin the imposition of the same. In addition, he seeks compensatory damages from the named defendants. Finally, he requests restoration of all statutory good time that was taken unconstitutionally.

■ The factual issues present here are out of date and substantially moot because of the adoption of revised prison policy. All the matters alleged in the instant complaint occurred prior to the adoption of the new rules governing isolation and segregation (now the "Special Program Unit") at the Illinois State Penitentiary, Stateville Branch. The new regulations appear as exhibits "A" and "B" of the defendants' motion. The new rules provide, *inter alia,* that an inmate charged with a violation of the prison rules is ᵤgiven written notice of the charges against him and a hearing before the Disciplinary Committee. A written statement of the decision of a majority of the board, the basis for the decision, and the disciplinary action, if any, to be imposed is given to the inmate. This procedure affords an inmate constitutional due process as required in disciplinary proceedings. Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971). Under the new rules, prisoners placed in isolation and the special program unit enjoy legal mail privileges.

■ The rules and policies the plaintiff complains of are no longer in effect. An injunction is an extraordinary remedy. Where the basis for it has been removed, it should not issue. Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963). The regulations which were attacked by the complaint have been discontinued and therefore, neither the injunctive or declaratory relief sought by the plaintiff are appropriate at this time.

■ Plaintiff fails to allege any overt acts of involvement by the defendants to substantiate his claims for money damages under the Civil Rights Act. Personal involvement of the defendant must be alleged to state a claim for relief. Schnell v. City of Chicago, 407 F. 2d 1084 (7th Cir. 1969). Plaintiff has

not stated a cause of action upon which monetary relief may be granted pursuant to § 1983.

Finally, plaintiff seeks the restoration of all statutory good time that was taken unconstitutionally. It is conceded that on December 9, 1968 and April 23, 1970, the two occasions on which plaintiff was deprived of statutory good time, he was not afforded the type of procedural due process that recent cases have held must apply to such proceedings. Sostre v. McGinnis, *supra*, Bundy v. Cannon, 328 F.Supp. 165 (D.Md., 1971); Landman v. Royster, 333 F.Supp. 621 (E.D.Va. 1971). These cases have held that the prisoner should be confronted with the accusation, informed of the evidence against him, and be afforded a reasonable opportunity to explain his actions.

On December 9, 1968 and April 23, 1970, the plaintiff did not personally appear before the Merit Staff. His disciplinary reports were read to the Staff, and after discussing the case, the Staff reached a decision that he should be deprived of statutory good time. This was the normal procedure followed in all such cases. Prison regulations have subsequently been revised to incorporate the features of procedural due process which the cases cited *supra.* have said must apply.

The question in the instant case is whether these due process requirements are to be applied retroactively to hearings held in 1968 and 1970. In arriving at such a determination, it is instructive to examine the criteria which the Supreme Court has relied on in determining whether a newly announced constitutional standard for criminal cases should be retroactively applied, namely: the way in which the rule affects the integrity of the fact finding process; the extent of reliance which had been placed upon the old rule; and the effect on the administration of justice of a retroactive application of the new rule. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1965). In *Johnson*, the Court, in denying the retroactive application of the *Escobedo* and *Miranda* decisions, commented that law enforcement agencies had fairly relied on prior cases and were unaware that they were engaging in unconstitutional activity. It further remarked that retroactive application would disrupt the administration of criminal law since it would require the retrial or release of numerous prisoners found guilty by evidence in conformity with previously announced constitutional standards.

The procedure to which the plaintiff was subjected was an attempt by the Merit Staff to reach a decision based on rationally determined facts. At the time of the two hearings in question, the *Sostre* case had not as yet been decided, and prison officials relied on older cases which did not require confrontation of the prisoner at such a hearing. To apply the rule of *Sostre* retroactively would result in the Court being deluged with petitions by all the prisoners who were subjected to the old procedure for revocation of statutory good time. Courts have long recognized that due process is a constantly evolving concept. The granting of a retroactive effect to this evolutionary concept would lead to needless, and endless, litigation. Thus in such cases, judicial economy necessitates that the ever-changing concept of what due process encompasses be applied prospectively only. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The instant case is an example of such a situation. Therefore, the plaintiff's request that he be restored his statutory good time cannot be granted.

For the foregoing reasons the motion of the defendants to dismiss the complaint is granted.