**John ROE, Jane Roe, Mary Roe (minor), Plaintiffs,**

**v.**

**John BORUP et al., Defendants.**

**No. 80–C–350.**

United States District Court,
E. D. Wisconsin.

Oct. 16, 1980.

Roger Buffett, Buffett & Dew, Madison, Wis., for plaintiffs.

Donald P. Johns, Asst. Atty. Gen., Madison, Wis., for Wis. Dept. of Health & Social Services.

James C. Alexander, Madison, Wis., for John Borup, Joyce Gonis, Dodge County, Dodge County Department of Social Services, Steven Schmitz; Ralph E. Sharp, Jr., Corp. Counsel, Juneau, Wis., of counsel.

Prosser, Wiedebach & Quale, Milwaukee, Wis., for defendant, Maryann S. Schacht.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is brought under 42 U.S.C. § 1983. The plaintiffs allege that the defendants deprived the plaintiffs of rights and privileges secured by the United States and Wisconsin Constitutions by removing the plaintiff Mary Roe, a minor, from the custody of her parents, John and Jane Roe, for seven weeks. The complaint in this action was filed on April 16, 1980, and an amended complaint was filed on June 25, 1980.

The plaintiffs characterize the defendants' behavior during the investigation that resulted in removal of Mary Roe as "grossly negligent," assert that the plaintiff parents were not properly informed of the nature of the proceedings or their rights regarding the proceedings, and assert that certain of the defendants improperly prolonged the separation of the daughter from her parents. The plaintiffs seek compensatory damages of $275,000 and equitable relief against the defendant county and state agencies.

Presently before the court are three motions to dismiss brought separately by the defendants. The plaintiffs have also brought a motion for permission to use fictitious names. The plaintiffs' motion will be granted, and the motions of the defendants will be denied, except that the motion of the Department of Health and Social Services will be granted in part.

I

The defendants John Borup, Joyce Gonis, Dodge County Department of Social Services, Dodge County, Steven Schmitz, and Maryann Schacht have moved to dismiss the complaint and the amended complaint on the grounds that the court lacks subject matter jurisdiction over these defendants, that the court lacks personal jurisdiction over these defendants, and that there is insufficiency of process. These defendants base this motion on the fact that the complaint in this action was filed with fictitious names instead of the true names

of the plaintiffs and did not contain the true names of the plaintiffs anywhere in the body of the pleadings. The defendants rely on *Roe v. State of New York*, 49 F.R.D. 279 (S.D.N.Y.1970), which held that a complaint that does not identify by true name at least one plaintiff is not properly filed and cannot commence an action. In the case at bar, the defendants argue that the absence of any true names from this complaint means that it is not properly filed and therefore that this court has no subject matter or personal jurisdiction. The defendants also contend that the absence of any true names on the summonses served on them violates Rule 4(b), Federal Rules of Civil Procedure, and therefore the summonses are insufficient.

In response to this argument, the plaintiffs detail the steps taken by their counsel in an effort to file this action properly. Shortly after this action was started, Judge Robert W. Warren, in an ex parte order, granted the plaintiff's request for permission to proceed under fictitious names but limited its duration to ten days. However, the plaintiffs' counsel determined that an amended complaint was necessary but did not file it until five weeks after the submission of the original complaint. At that time, the plaintiff's counsel served upon the defendants both the amended complaint and the motion for permission to use fictitious names which is now before the court.

I am convinced that any error committed by the plaintiffs here was both procedural and minor, and it should not spark so drastic a remedy as dismissal. In *Roe v. State of New York, supra*, the court noted: "[A] plaintiff who desires to use a name other than his own should, before the case is presented in court, acquaint the court of his desires, . . . and secure the court's consent." *Roe, supra* at p. 282, citing *Buxton v. Ullman*, 147 Conn. 48, 156 A.2d 508, 514 (1959). The efforts of plaintiffs' counsel certainly have been sufficient to satisfy this requirement.

The defendants do not contend that the action is moot or that they have been prejudiced in any way by the absence of the true names of the plaintiffs in the complaint. I reject the highly mechanical interpretation of the Federal Rules of Civil Procedure offered by the defendants. Their argument would have the court elevate form over substance, without any reason for doing so. The defendants' motion to dismiss will be denied.

## II

The plaintiffs have brought a motion for permission to use fictitious names. This motion is necessary because, as noted above, Judge Warren's grant of permission expired ten days from its issuance. The plaintiffs argue that this action involves allegations of a serious nature which if revealed would subject the plaintiffs "to personal and social harassment and embarrassment." Specifically, the underlying action which temporarily removed the minor plaintiff from her parents' custody was based on allegations that the parents were sexually abusing the child. Further, Wisconsin law requires that records of that action be kept confidential because a juvenile was involved, Wis.Stat. §§ 48.26 (1975) and 48.78 (1955) (current version at Wis.Stat. §§ 48.396 and 48.78).

The same group of defendants whose motion was discussed in part I above oppose the plaintiffs' application. Much of their objection is based on the same arguments discussed in part I and will not be further addressed here. They also assert that no case since *Roe v. State of New York, supra*, has permitted the use of fictitious names in an action seeking monetary damages. Thus they argue that the plaintiffs here should not be permitted to proceed under fictitious names since they have sought monetary damages.

The defendants have presented no explanation why the pleading of a damages claim should preclude the use of fictitious names, and none is apparent to the court. The defendants' assertion that no case after *Roe v. State of New York* permitted the use of fictitious names in a suit seeking monetary damages is without merit; the plaintiffs have called attention to *Doe v. Chaffee*, 355

F.Supp. 112 (N.D.Cal.1973); and *Doe v. Lavine*, 347 F.Supp. 357 (S.D.N.Y.1972). In both cases, the court permitted the use of fictitious names when the plaintiffs were seeking monetary damages.

■ The decision whether to permit the use of fictitious names is one that is left to the discretion of the trial court, *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). There the court noted that "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized." *Lindsey, supra*, at p. 1125; *see Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).

I am satisfied that "an important privacy interest" is present here. This case involves allegedly false charges of sexual abuse of a small child. It is beyond argument that this is a highly sensitive issue. The plaintiffs also allege that the actions of the defendants have already caused significant psychological harm to the parents and the child. They request the court to permit the use of fictitious names in order to shield the plaintiffs from further harm. This request is reasonable, and I will grant the plaintiffs' motion for permission to use fictitious names.

### III

■ The defendant Maryann Schacht has moved to dismiss the plaintiffs' claim against her on the grounds that the complaint fails to state a claim against her and is res judicata. Ms. Schacht was appointed the guardian ad litem for the plaintiff Mary Roe as part of the juvenile proceeding in issue in this case. She is first mentioned in the complaint in paragraph 42. This paragraph alleges that this defendant participated in the actions alleged in paragraphs 23, 24, 26, 28, and 30 of the complaint. Examination of these paragraphs reveals that they allege various actions by the defendant Joyce Gonis, but they do not mention Ms. Schacht. Paragraph 43 of the complaint also alleges that Ms. Schacht exceeded the scope of her duties as guardian ad litem.

Ms. Schacht argues that the paragraphs incorporated by reference do not satisfy the requirements of Rule 10(b), Federal Rules of Civil Procedure, that the acts of the defendant alleged to bring liability be stated separately, since these paragraphs allege only actions of Ms. Gonis. Ms. Schacht also contends that a claim under section 1983 is not stated unless the plaintiffs plead a specific constitutional right that was transgressed by the defendant and cites *Landrum v. Moats*, 576 F.2d 1320 (8th Cir. 1978), as support.

Ms. Schacht's interpretation of *Landrum* is accurate, but I am persuaded that a fair reading of the complaint reveals that the plaintiffs have pleaded a violation of a specific constitutional right. The gravamen of the complaint is that the defendants improperly deprived the plaintiff parents of the custody of their child, who is also a plaintiff. The complaint alleges numerous irregularities in the actions of the defendants.

Deprivation of child custody without a court hearing has been held to state a cause of action under section 1983 for a procedural due process violation. *Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir. 1977); *see* S. Nahmod, *Civil Rights and Civil Liberties Litigation*, § 308; *cf. Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977) (holding that a father had standing under section 1983 to challenge the terms of his daughter's probation when said terms prohibited association between the father and his daughter and granddaughter and therefore struck at the basic interest in the integrity of the family unit without due process). The Roes allege that the court hearing and related actions involving their family were seriously deficient for a variety of reasons. Thus this complaint sets out with sufficient specificity the constitutional rights allegedly abridged.

The method of pleading the actions allegedly committed by Ms. Schacht was inartful, as the plaintiffs have effectively acknowledged in their brief. However, the technique was not so poor as to warrant

dismissal. The complaint does allege that Ms. Schacht had some involvement in a series of actions which also involved Joyce Gonis. Ms. Schacht is thus on notice regarding the theories of violation which the plaintiffs intend to pursue against her. This is all that is required of the pleadings under Rule 8, Federal Rules of Civil Procedure. *See* Wright & Miller, Federal Practice and Procedure: Civil § 1202. Ms. Schacht has answered by denying that she had "acted in any manner which was improper or unauthorized or that she caused or contributed to any damage of the plaintiffs, if they have any such damage." This is sufficient to join issue in this action. Accordingly, the defendant's motion to dismiss for failure to state a claim upon which relief can be granted will be denied.

Ms. Schacht also presses res judicata as grounds for dismissal. Paragraph 45 of the amended complaint states that after a stipulation, the court in the juvenile proceedings ordered the plaintiffs to reimburse Ms. Schacht for her role as guardian ad litem. Ms. Schacht contends that the stipulation and order is res judicata to any claim against Ms. Schacht.

A stipulation regarding the amount due the guardian ad litem appointed in a state juvenile proceeding does not render any claim against the guardian for deprivation of constitutional rights during the guardianship res judicata. The plaintiffs have also persuasively demonstrated that the doctrine of collateral estoppel would not apply in this situation. Accordingly, the defendant's motion to dismiss on the grounds of res judicata will be denied.

### IV

The defendant Department of Health and Social Services for the state of Wisconsin (DHSS) has moved to dismiss the action against it for failure to state a claim upon which relief can be granted. The defendant argues that the complaint does not establish that the department had any personal knowledge or involvement in the actions which gave rise to this litigation or that the defendant had any duty to act to supervise the other defendants. DHSS further alleges that "a supervisory role where there is no personal knowledge or involvement does not give rise to a claim under the Civil Rights statute [section 1983]," citing *Adams v. Pate*, 445 F.2d 105, 108 (7th Cir. 1971).

While *Adams* does exclude such a suit when monetary damages are sought, it does not stand for the broad ban the defendants wish to read into it. The complaint in *Adams* sought monetary damages against the defendant, the warden of an Illinois penitentiary, on a theory of respondeat superior. The court of appeals for the seventh circuit expressly noted that where monetary damages, as distinguished from equitable relief, are sought under the provisions of the Civil Rights Act "the doctrine of respondeat superior does not apply; personal involvement is required." *Adams, supra* at p. 107, n. 2. Thus *Adams* does not bar a suit that seeks equitable relief under section 1983 on a theory of respondeat superior.

The amended complaint does not make clear whether monetary damages are sought against DHSS. This issue is also not discussed in the submissions of the parties regarding this motion. It may well be that only equitable relief is sought against this defendant. However, if monetary damages are sought, the clear dictates of *Adams, supra*, require the court to grant the defendant's motion to dismiss the complaint insofar as it asserts a cause of action against DHSS for monetary damages.

The plaintiffs do not rely solely on a theory of respondeat superior to press their claim for equitable relief against DHSS. They argue that equitable relief is available under section 1983 if it can be shown that the defendant had a duty to act but did not do so. The differences between the two theories are set out in *McClelland v. Facteau*, 610 F.2d 693, 695–96 (10th Cir. 1979). Liability may be found against a superior the acts of an inferior if the superior participated or acquiesced in the constitutional violations alleged. Similarly, the court of appeals for the seventh circuit has held:

"Under section 1983, equitable relief is appropriate in a situation where governmental officials have notice of the unconstitutional conduct of their subordinates and fail to prevent a recurrence of such misconduct. From a legal standpoint, it makes no difference whether the plaintiffs' constitutional rights are violated as a result of police behavior which is the product of the active encouragement and direction of their superiors or as a result of the superiors' mere acquiescence in such behavior. In either situation, if the police officials had a duty, as they admittedly had here, to prevent the officers under their direction from committing the acts which are alleged to have occurred, . . . they are the proper defendants in this action." *Schnell v. City of Chicago*, 407 F.2d 1084, 1086 (7th Cir. 1969) (citations omitted).

The plaintiffs must demonstrate that this defendant had some duty toward the plaintiffs which was not followed. The plaintiffs point to the Wisconsin Children's Code, Wis.Stat. § 48.01 et seq. The language in effect in 1975, which has not been altered significantly, sets out the legislative intent behind this chapter.

> (2) INTENT. It is declared to be the intent of this chapter to promote the best interests of the children of this state through:
>
> (a) Juvenile courts adequately equipped to review each case on its individual merits under procedures designed to safeguard the legal rights of the child and his parents;
>
> (b) An integrated and co–ordinated program for all delinquent, neglected and dependent children both in their own community and while in the custody of the state;
>
> (c) Protection of children from unnecessary separation, either temporary or permanent, from their parents;
>
> (d) Adequate care and rehabilitation for all children who must be separated from their parents temporarily for the child's protection or that of the public; . . ."

Wis.Stat. § 48.01 (1955).

Section 48.48 describes the authority of DHSS under this chapter.

> (1) To promote the enforcement of the laws relating to mentally defective, dependent, neglected and delinquent children and children born out of wedlock and to take the initiative in all matters involving the interests of such children where adequate provision therefor is not made. This duty shall be discharged in cooperation with the juvenile courts, county agencies, licensed child welfare agencies and with individuals interested in the welfare of children.

Wis.Stat. § 48.48 (1955).

These two sections demonstrate that in 1975 DHSS had a duty under the law to act in conjunction with local agencies to fulfill the intent of the legislature. No subsequent alteration of the language in the Wisconsin Children's Code has altered this duty. The plaintiffs contend that DHSS failed to adopt rules and guidelines or exercise supervision over the local agency and that these failures led to the deprivations alleged. They seek an injunction directing DHSS "to develop and implement administrative rules designed to prevent future denials of constitutional rights by agencies over which the Department is given authority . . . ." I am satisfied that the plaintiffs have stated a claim that is sufficient to survive the defendant's motion to dismiss.

Therefore, IT IS ORDERED that the motion of the plaintiffs for permission to use fictitious names be and hereby is granted.

IT IS ALSO ORDERED that all motions of the defendants to dismiss be and hereby are denied, except that insofar as the complaint states a cause of action for monetary damages against the Department of Health and Social Services, the latter's motion to dismiss such claim be and hereby is granted.