## In re EMPYREAN BIOSCIENCES, INC. SECURITIES LITIGATION

### No. 1:02 CV 1439.

United States District Court,
N.D. Ohio,
Eastern Division.

July 2, 2003.

---

Mark Herrmann, Jason N. Mather, John M. Newman, Jr., Jones Day, Cleveland, OH, for Defendants.

Jack Landskroner, Landskroner Law Firm, Cleveland, OH, Laurence Rosen, The Rosen Law Firm, P.A., New York City, for Plaintiffs.

### Memorandum of Opinion and Order

GAUGHAN, District Judge.

## INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss the Second Consolidated Amended Class Action Complaint and to Strike the Declaration of Laurence M. Rosen. (Doc. 31). Also before the Court is Plaintiffs' Motion and Notice of Motion for Judicial Notice of Facts. (Doc. 36). For the following reasons, Defendants' Motion to Strike is GRANTED. Defendants' Motion to Dismiss is DENIED at this time and plaintiffs are hereby GRANTED leave to amend the complaint. Plaintiffs' Motion is UNOPPOSED and GRANTED.

## FACTS

This is a class action securities fraud case brought pursuant to the Private Securities Litigation Reform Act (hereafter "PSLRA"), 15 U.S.C. § 78u–4. This Court dismissed plaintiffs' First Amended Complaint by order dated February 26, 2003, as a result of plaintiffs' failure to comply with the PSLRA's heightened pleading requirements. Plaintiffs, however, were granted leave to amend. Thereafter, plaintiffs filed their Second Amended Complaint, which is currently before this Court.[1]

1. All references to "the complaint" refer to the

Upon review of the Second Amended Complaint, the Court notes that it contains, in large part, a recitation of the same allegations set forth in the First Amended Complaint. Attached to the Second Amended Complaint, however, is the Declaration of Laurence M. Rosen. Mr. Rosen is plaintiffs' counsel in this case. The declaration provides a detailed account of an investigation he conducted into various matters relating to plaintiffs' claims. For example, Mr. Rosen details conversations he had with a confidential source, and then sets forth the contents of those conversations in his declaration. In addition, Mr. Rosen details numerous other conversations he had with various individuals concerning plaintiffs' claims. The declaration is over fifteen pages long, contains 47 numbered paragraphs and purports to incorporate 13 exhibits. The factual support provided by Mr. Rosen is not alleged in the Second Amended Complaint. Instead, plaintiffs attempt to "incorporate" his declaration into the complaint and then cite to various paragraphs in the declaration as factual support for their assertions. For example, paragraph 108 of the complaint reads,

On March 13, 2001, Empyrean issued a press release over the PR Newswire falsely stating the "Empyrean has exclusive marketing rights to the GEDA Plus microbicidal contraceptive gel now in phase III clinical trials in Brazil." The March 13, 2003 press release was false because the Phase III trials had never actually begun and were not being performed and Empyrean either knew this fact or was reckless in not confirming the truth about the trials. (Rosen Dec. ¶¶ 26–29).

Paragraphs 26 through 29 then refer the reader to over two pages of facts purporting to support this allegation. For example, paragraph 26 of the declaration provides,

In August of 2002, I received a telephone call from an individual who identified himself as Kerry Flowers. He stated that he was an attorney for International Bioscience Corp. He said he worked for a law firm in New Jersey by the name of Krugman and Kalies. He told me that IBC had learned of the class action against Empy-

Second Amended Complaint.

rean and that since it was a large shareholder it was considering joining the lawsuit as a plaintiff. [...] I[]. asked him point blank: "But no patients were ever enrolled in any Phase III trials in Brazil and Geda Plus gel was never given to any patients as part of a clinical trial in Brazil?" Mr. Flowers responded, "That's true." Mr. Flowers confirmed that no patients were ever enrolled in any Phase III clinical study of Geda Plus in Brazil.

In sum, it appears plaintiffs have attempted to provide evidentiary support for the allegations in the complaint by attaching a declaration from their attorney.

Defendants move to strike the Rosen Declaration. Plaintiffs oppose defendants' Motion and request that, in the event defendants' Motion to strike is granted, this Court grant them leave to amend the complaint. According to plaintiffs, they will simply "transfer" the "allegations" set forth in the declaration into the body of the complaint.

· In addition, plaintiffs move for judicial notice of two documents consisting of FDA guidelines. Defendants do not oppose plaintiffs' motion and, accordingly, the motion is hereby GRANTED.

## DISCUSSION

■ Defendants initially argue that plaintiffs improperly attached an affidavit[2] to the complaint and that such a document is not a "written instrument" that may be considered by the Court as part of a pleading pursuant to Federal Rule of Civil Procedure 10(c). In their reply brief, however, defendants appear to have abandoned the argument that the court may never consider affidavits. Instead, defendants argue that an affidavit from plaintiffs' counsel, which "fills in" missing factual allegations not contained in the complaint, should not be considered by the Court. Defendants also argue that the Court should not consider the affidavit because it will transform plaintiffs' attorney into a fact witness in the case and, therefore, violates certain disciplinary rules.

Plaintiffs argue that affidavits may be considered by the Court pursuant to Rule 10(c) and point out that a majority of courts allow this practice. In addition, plaintiffs argue that the declaration does not violate any disciplinary rule. According to plaintiffs, there is no need for counsel to be called as a witness since defendants will be able to depose the various individuals referred to in the declaration.

Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." There is a split among the circuits as to whether an affidavit qualifies as a "written instrument" for purposes of Rule 10(c), and the Sixth Circuit has not specifically addressed this issue in detail.

In *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989), the Third Circuit analyzed whether an affidavit constitutes a "written instrument" for purposes of Rule 10(c). In *Rose*, two of the plaintiffs attached an affidavit to their amended complaint. The court held that the affidavit could not be considered as part of the pleading. The court reasoned,

> The case law demonstrates, however, that the types of exhibits incorporated within pleadings by Rule 10(c) consist largely of documentary evidence, specifically contracts, notes, and other 'writing[s] on which [a party's] action or defense is based.' 'Lengthy exhibits containing...evidentiary matter should not be attached to the pleadings.' [...] We do not believe that an affidavit is a 'written instrument' as that term is used in Rule 10(c). To hold otherwise would elevate form over substance by drawing a distinction between an affidavit filed with an answer and an affidavit filed with a motion to dismiss under Rule 12(b)(6).

*Id.* at n. 3.

Relying on *Rose*, the Western District of New York concluded in *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108 (W.D.N.Y.1996), that plaintiffs' affidavits and their attorney's affirmation were not "written instruments" for purposes of Rule 10(c).

**2.** The parties do not dispute that for purposes of this motion, a "declaration" made under penalty of perjury is tantamount to an "affidavit." Ac-

cordingly, the Court uses those phrases interchangeably throughout this Memorandum of Opinion and Order.

The court cited to the definition of "written instrument" contained in Black's Law Dictionary, and determined that a "written instrument" is a "document evidencing legal rights or duties or giving a formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Id.* at 1115. Because an affidavit does not fall into this category, the court determined that it could not properly be considered part of a pleading. "To hold otherwise 'would blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief may be granted.'" *Id.* (*quoting Rose*).

Perhaps most on point, defendants cite *DeMarco v. DepoTech Corp.*, 149 F.Supp.2d 1212 (S.D.Cal.2001). In *DeMarco*, plaintiffs brought a securities fraud action under the PSLRA alleging that defendant made material misrepresentations regarding the efficacy of certain pharmaceuticals, falsified interim results of clinical testing and materially overstated the likelihood of FDA approval. Plaintiffs attached an expert affidavit to their complaint. The expert opined as to the interpretation and evaluation by the medical community and the FDA of data generated by clinical trials. *Id.* at 1219. Defendant moved to strike the affidavit and, relying in part on *Rose*, the court granted defendant's motion.

Specifically, the court held that an expert affidavit does not meet the definition of "written instrument" under rule 10(c). Instead, the court characterized the affidavit as "a piece of evidentiary matter generated by a retained expert who had no contact with [defendants] and no involvement in the [ ] clinical trials." *Id.* at 1220. The court went on to note that consideration of the affidavit would blur the distinction between summary judgment and dismissal in that the court may very well have to evaluate whether the expert was qualified under the Federal Rules of Evidence and also determine "a panoply of evidentiary and procedural challenges not generally applicable to allegations in a complaint...." *Id.* at 1221. As a result, "considering the expert affidavit would so complicate the procedural posture of a motion to dismiss that it would become virtually indistinguish-

able from a motion for summary judgment." *Id.*

It appears, however, that the *DeMarco* court was concerned with the form rather than the substance of the expert's opinions. The court ultimately granted the plaintiff's motion to strike the affidavit, but refused to strike the portions of the complaint that were derived from the affidavit.

> The court further questions whether any good reason exists for a plaintiff to attach an expert affidavit as an exhibit to a complaint. The inclusion of such an affidavit in no way relieves a plaintiff of its burden to comply with the [PSLRA].... Because the court must generally assume the truth of all material factual allegations in a complaint, averments in an expert affidavit carry no additional probative weight merely because they appear within an affidavit rather than numbered paragraphs of the complaint....
>
> \* \* \* \* \* \*
>
> A better approach might be to include the expert's nonconclusory assertions within specific paragraphs in the complaint. This would reduce needless redundancy and simplify pleadings in federal securities cases.

*Id.* at 1221–22.

On the other hand, as plaintiffs point out, there is authority supporting the argument that affidavits should be considered "part of the pleading" for purposes of Rule 10(c). The leading case cited in support of this position is *Schnell v. City of Chicago*, 407 F.2d 1084 (7th Cir.1969). In *Schnell*, the Seventh Circuit summarily concluded that "...affidavits and exhibits attached to the complaint are a part thereof for all purposes." *Id.* at 1085. Since *Schnell*, the Seventh Circuit has reaffirmed its position. In *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, the court held that the term "written instrument" encompasses affidavits and letters, as well as contracts and loan documentation. *Id.* at 452–53. The court, having reviewed *Rose*, determined that its own "broader interpretation [of the phrase 'written instru-

ment'] comports with the generous nature in which we view pleadings." *Id.* at n. 4.

Other Circuits have also taken a less restrictive view of the phrase "written instrument." In *Branch v. Tunnell,* 14 F.3d 449 (9th Cir.1994) *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002), the Ninth Circuit affirmed the trial court's consideration of an affidavit and deposition testimony. In *Branch,* the plaintiff alleged that a special agent for the Department of the Interior provided a false affidavit to a judge in order to secure warrants to search plaintiff's home and business. The district court considered a deposition transcript as well as an earlier affidavit from the special agent provided in connection with defendant's motion to dismiss, even though neither document was attached to the complaint. Although not specifically citing Rule 10(c), the Ninth Circuit affirmed the trial court's consideration of these materials. The court held that "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." Because the complaint referred to both documents, the trial court was not required to convert the motion to dismiss into one for summary judgment. *See also Hall v. Bellmon,* 935 F.2d 1106 (10th Cir.1991) (court ordered *Martinez* report properly considered on motion to dismiss because it is "often treated like an affidavit").[3]

Plaintiffs also cite *Gant v. Wallingford,* 69 F.3d 669 (2d Cir.1995). In *Gant,* plaintiffs filed suit alleging that their son was the victim of racial discrimination at school and that his teacher violated school policy by demoting him to a lower grade level. In support of the complaint, plaintiff attached a copy of the school policy and an investigatory report prepared by the superintendent of the school concerning the allegations. The district court, relying on the conclusion reached in the report that no discrimination occurred, held that plaintiff failed to state a claim for

which relief may be granted. It appears that the district court construed the conclusion reached by the superintendent as a factual allegation asserted by plaintiff. The court of appeals reversed, holding that Rule 10(c) does not require a plaintiff to "adopt as true the full contents of any document attached to a complaint or adopted by reference." Instead the court found,

> An appended document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is (or, in the absence of a descriptive allegation, that it is what is appears to be). For example, a written contract appended to the complaint will defeat invocation of the Statute of Frauds.... By the same token, however, a libel plaintiff may attach the writing alleged in the complaint to be libelous without risk that the court will deem true all libels in it.

*Id.* at 674.

The Second Circuit thus implicitly concluded that although a document attached to a complaint may qualify as a "written instrument" for purposes of Rule 10(c), it should not *necessarily* be construed as setting forth "allegations."

The Sixth Circuit has not specifically addressed the issue of whether all affidavits attached to the Complaint must be considered part of the pleading for purposes of Rule 10(c). In *Amini v. Oberlin College,* 259 F.3d 493 (6th Cir.2001), the court reversed the trial court's dismissal of plaintiff's race discrimination complaint. The court held that the trial court erred by refusing to consider the allegations contained in the plaintiff's EEOC charge, which was attached as an exhibit to the complaint. Although plaintiff's complaint did not contain allegations sufficient to support a claim of racial discrimination, his EEOC charge did. The court determined that "there is no question that the EEOC charge, the filing of which was a precondition to [plaintiff] bringing this

---

**3.** Plaintiffs further point out that a number of district courts have considered written documents that do not meet the Third Circuit's definition of "written instrument" to be part of the complaint. The Court notes that the majority of these cases, like *Branch* and *Hall,* do not involve

an attack on the sufficiency of the complaint, but rather address whether a court may consider documents provided by a defendant in the context of a motion to dismiss, which are referred to in the complaint but not attached thereto.

suit, is central to his discrimination claim." *Id.* at 503. Accordingly, the allegations contained in the charge should have been considered by the district court.

In *Song v. City of Elyria,* 985 F.2d 840 (6th Cir.1993), plaintiffs argued to the Sixth Circuit that the district court erred in considering plaintiffs' own affidavits, which were attached to the complaint, when ruling on defendants' motion to dismiss. The court held that it was not error to consider the affidavits because they "did nothing more than verify the complaint. They added nothing new, but, in effect, reiterated the contents of the complaint itself." *Id.* at 842.[4]

This Court finds that for purposes of the instant motion, the court need not adopt a per se rule excluding all affidavits from the definition of "written instrument." Instead, the Court need only consider whether the specific affidavit offered by plaintiffs in this case satisfies this definition. The Court finds that it does not. The affidavit is sixteen pages long, contains 29 substantive paragraphs and incorporates 18 exhibits into the affidavit, which plaintiffs then re-incorporate into the complaint. Plaintiffs essentially ask this court to transform the evidentiary support offered in the form of an affidavit from their counsel into substantive allegations based on Rule 10(c). The Court finds that this "exhibit," however, is not a "written instrument" for purposes of Rule 10(c). Rather, it is the type of "lengthy exhibit containing extraneous or *evidentiary material* that should not be attached to the pleadings." *Bowens v. Aftermath Entertainment,* 254 F.Supp.2d 629, 640 (E.D.Mich.2003) (emphasis in original) (*citing* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice*

& *Procedure* § 1327 (2d ed.1990 & supp. 2002)). Unlike the EEOC charge attached by plaintiff in *Amini,* the affidavit supplied by plaintiffs' counsel does not contain plaintiffs' own allegations of wrongdoing. Although the Sixth Circuit held that the trial court properly considered plaintiffs' own affidavits in *Song,* it did so because the affidavits attached to the complaint simply "reaffirmed" the allegations contained in the body of the complaint. Unlike *Song,* the affidavit plaintiffs offer in this case contains the meat of plaintiffs' complaint and is authored by plaintiffs' counsel. The Court finds that where a securities fraud complaint is otherwise lacking in substantive allegations, an affidavit provided by plaintiffs' counsel, which contains evidentiary support for the absent allegations, is not a "written instrument" for purposes of Rule 10(c).[5] Accordingly, the affidavit will not be considered by this Court.[6]

**Leave to Amend**

■ Plaintiffs request leave to amend the complaint in the event the Court strikes the affidavit. Defendants argue that the legislative history behind the PSLRA, as well as case law interpreting the statute, mandate a dismissal of the case with prejudice. Specifically, defendants argue that "[t]he [PSLRA] requires a uniform standard; this standard is meaningless if judges on a case-by-case basis grant leave to amend numerous times." *In re Champion Enters., Inc. Sec. Litig.,* 145 F.Supp.2d 871, 873 (E.D.Mich.2001).

This Court finds that leave to amend is appropriate at this juncture. Although plaintiffs have already amended their complaint twice, the Court finds that leave to amend is

---

4. Plaintiffs point out that district courts in this circuit have concluded that various types of writings constitute a part of the pleading for purposes of Rule 10(c).

5. The Court notes that the changes made to plaintiffs' Second Amended Complaint consist largely of citations and references to the affidavit. Given that this Court already dismissed plaintiffs' First Amended Complaint for failure to state a claim, the Court finds it likely that dismissal would result absent consideration of the statements contained in the affidavit. Given that plaintiffs have requested leave to amend the complaint in the event the Court does not consider

the substance of the affidavit, and because the Court believes leave to amend is appropriate, the Court will not reach the merits of defendants' motion to dismiss.

6. Defendants also argue that the affidavit should not be considered because, by attaching his own affidavit detailing an investigation he made into the case, plaintiffs' counsel has made himself a potential fact witness in this litigation. This Court finds that in light of the fact that the Court has concluded that the affidavit does not qualify as a "written instrument," the Court need not reach the additional arguments raised by defendants.

warranted to allow plaintiffs to correct the procedural error of relying on an affidavit from their counsel as a substitute for allegations of wrongdoing. This Court cautions plaintiffs, however, that no further leaves to amend will be granted.

## CONCLUSION

Defendants' Motion to Strike the Declaration of Laurence M. Rosen is GRANTED. The Court hereby grants plaintiffs leave to amend the complaint. An amended complaint must be filed within seven days of entry of this Memorandum of Opinion and Order. In light of the fact that an amended complaint is anticipated, defendants' Motion to Dismiss the Second Consolidated Amended Class Action Complaint is DENIED at this time. In the event plaintiffs' do not timely amend the complaint, defendants may reinstate their Motion to Dismiss the Second Amended Class Action Complaint. Plaintiffs' Motion for and Notice of Motion for Judicial Notice of Facts is unopposed and GRANTED.

IT IS SO ORDERED.