DOE v BODWIN

Docket No. 55168. Submitted April 6, 1982, at Lansing.—Decided September 7, 1982.

The plaintiff in this case, identified only as Jane Doe, filed a complaint against Raymond Bodwin, a psychologist, alleging that he had sexual intercourse with her during therapy. She sought damages for professional negligence, battery, and criminal sexual conduct. Defendant moved for a more definite statement and to require plaintiff to identify herself. The Genesee Circuit Court, Donald R. Freeman, J., granted defendant's motion. Plaintiff's motion to suppress her name from public disclosure pursuant to à local court rule was denied. The trial court certified its order so that plaintiff could apply for leave to appeal. Leave was granted. On appeal, plaintiff raises two issues: (1) whether the trial court's order compelling identification violates her constitutional rights to privacy and access to the court, and (2) whether the trial court abused its discretion by denying plaintiff's motion to suppress her identity. *Held:*

1. The Court of Appeals declines to decide whether plaintiff's rights to privacy or access to the courts were impinged by the trial court's order as it is clear that the trial court did not exercise its discretion in the case.

2. An examination of the evidence reveals that a proper exercise of discretion could have resulted in plaintiff's motion being granted. The case is remanded for rehearing before a different judge. Plaintiff's identity must be disclosed to defendant under appropriate protective orders if the motion is granted.

Remanded.

1. PARTIES — FICTITIOUS NAMES — RIGHT TO PRIVACY.

Any right to proceed anonymously in a legal action, as derived

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 59 Am Jur 2d, Parties § 17.

[1-3] 62 Am Jur 2d, Privacy § 26.

Propriety and effect of use of fictitious name of party in complaint in federal district court. 8 ALR Fed 675.

[2] 62 Am Jur 2d, Privacy §§ 16, 17.

[4] 4 Am Jur 2d, Appeal and Error § 18.

from the right to privacy, is not absolute; rather, the decision whether to permit fictitious names is subject to a decision by the judge as to the need for the cloak of anonymity and requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings.

2. PARTIES — FICTITIOUS NAMES — RIGHT TO PRIVACY — BALANCING TEST.

Among the factors to be considered by a court in balancing a plaintiff's privacy against the presumption of openness in judicial proceedings where the plaintiff desires to proceed anonymously are: (1) whether prosecution of the suit compels the plaintiff to disclose information of a private nature; (2) whether the plaintiff seeks to challenge governmental or private activity; and (3) whether the plaintiff is compelled to admit an intention to engage in illegal conduct.

3. PARTIES — FICTITIOUS NAMES.

The common thread running through cases in which plaintiffs are allowed to proceed anonymously is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.

4. PARTIES — FICTITIOUS NAMES — APPEAL.

The decision whether to permit the use of fictitious names in legal actions is one that is left to the discretion of the trial court; accordingly, the standard for appellate review of such a decision is whether the trial court abused its discretion.

*Carol A. Fallis, P.C.,* for plaintiff.

*Warner, Hart, Morgan, Fuzak & Williams,* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

K. B. GLASER, J. Plaintiff appeals by leave granted from an order of the trial court denying her permission to proceed anonymously in her action as a Jane Doe plaintiff.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff filed a complaint against defendant, a prominent Flint psychologist, alleging that he had sexual intercourse with her during therapy. She sought damages for professional negligence, battery, and criminal sexual conduct. Thereafter, defendant moved for a more definite statement, GCR 1963, 115.1, and to require plaintiff to identify herself, citing GCR 1963, 113.2 in support thereof. Plaintiff offered to disclose her identity to defendant and his counsel, although she moved to suppress her name from public disclosure pursuant to a local court rule. The trial court granted defendant's motion and denied plaintiff's. However, the trial judge certified his order so that plaintiff could apply for leave to appeal. GCR 1963, 806.3(1)(a)(ii). We granted leave to appeal. On appeal, plaintiff raises two issues: (1) whether the trial court's order compelling identification violates her constitutional rights to privacy and access to the courts, and (2) whether the trial court abused its discretion by denying plaintiff's motion to suppress her identity. Plaintiff will appear in person for trial even if her motion is granted.

The issues presented in this case are novel to our state, although this Court has recently allowed, without comment, plaintiffs in three cases to proceed anonymously as Doe parties. *Doe v Attorney General,* 106 Mich App 169; 307 NW2d 438 (1981); *Doe v Oettle,* 97 Mich App 183; 293 NW2d 760 (1980); *Doe v Oceola Twp,* 84 Mich App 514; 270 NW2d 254 (1978). Likewise, the United States Supreme Court has given implicit recognition to the use of pseudonyms. See, *e.g., Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973); *Doe v Bolton,* 410 US 179; 93 S Ct 739; 35 L Ed 2d 201 (1973).

Recent federal decisions make it clear that any

right to proceed anonymously, as derived from the right to privacy, is not absolute. Rather, the decision whether to permit fictitious names is "subject to a decision by the judge as to the need for the cloak of anonymity", *Lindsey v Dayton-Hudson Corp,* 592 F2d 1118, 1125 (CA 10, 1979), *cert den* 444 US 856; 100 S Ct 116; 62 L Ed 2d 75 (1979), and "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings". *Doe v Stegall,* 653 F2d 180, 186 (CA 5, 1981), *reh den* 659 F2d 1075 (1981). Among the factors to be considered in the balancing process are whether: (1) prosecution of the suit compels the plaintiff to disclose information of a private nature; (2) the plaintiff seeks to challenge governmental or private activity; and (3) the plaintiff is compelled to admit an intention to engage in illegal conduct. *Stegall, supra,* 185-186; *Southern Methodist University Ass'n of Women Law Students v Wynne & Jaffe,* 599 F2d 707, 712-713 (CA 5, 1979).

The most common cases allowing party anonymity are those involving abortion, *Bossier City Medical Suite, Inc v City of Bossier City,* 483 F Supp 633, 643-644 (WD La, 1980); *Doe v Deschamps,* 64 FRD 652 (D Mont, 1974), religion, *Stegall, supra,* illegitimate, abandoned, or abused children subject to welfare proceedings, *Roe v Borup,* 500 F Supp 127 (ED Wis, 1980), birth control, homosexuality, *Southern Methodist, supra,* transexuality, mental illness, and personal safety. *Doe v Rostker,* 89 FRD 158, 161 (ND Cal, 1981). See, generally, Anno: *Propriety and Effect of Use of Fictitious Name of Party in Complaint in Federal District Court,* 8 ALR Fed 675. "The common thread running through these cases is the presence of some social

stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Rostker, supra.* However, the cases make it clear that the decision whether to permit the use of fictitious names is one that is left to the discretion of the trial court. *Borup, supra,* 130. Accordingly, the standard for appellate review of such a decision is whether the trial court abused its discretion. *Stegall, supra,* 184. We decline to decide whether plaintiff's rights to privacy or access to the courts were impinged by the trial court's order as it is clear that the trial court did not exercise its discretion in this case.

Plaintiff sought to suppress her identity claiming that: (1) she "is an emotionally fragile person who has been in psychotherapy continuously for over ten years"; (2) "use of a pseudonym was motivated by her desire to avoid the 'sensational' publicity which attended the filing of a [prior,] similar suit against defendant" by another of his patients; (3) "the filing of an answer in [the prior suit], as well as the filing of the instant suit, did indeed generate additional 'sensational' publicity"; and (4) if she "is publicly identified, said publicity would jeopardize her emotional stability as well as her continued employment".

At the outset of the hearing on plaintiff's motion to suppress, the trial judge indicated his general feelings as follows:

"Okay. I might say, generally, counsel, I take the position that I do not suppress names of parties that come into our court. I want you to openly understand this. I have this request regularly made to me in regular divorce actions; I feel that court business is public business. I take a strong position on it. You should know it ahead of time. Okay."

Thereafter, he denied the motion.

"*The Court:* Well, counsel, I've told you initially how I feel. Apparently, the plaintiff didn't hesitate in naming the doctor as a defendant, his publicity didn't seem to be that terribly important to her. If there has been any new story around—I know I caught a brief one at one time on this—then certainly the defendant has had his name before the public. I assume he maintains a professional practice. I would assume, by his being named, it does not act to increase the confidence that people have in his professional capacity. I would hate to think that anybody can come into our courts—I don't want to over dramatize the situation—but with a hood over their face and make accusations against other people and say, 'Well, don't mention my name.' I don't think its just, I don't think it's fair.

"I think people come to our court, they have to understand it's a public theater, public forum, it's conducted in the public interest. Certainly there are some people that would rather be anonymous and, as I say, I will not even allow it in divorce actions—categorically for people to hide their identity. When they come to a· public place for a hearing, for public service, the public has a right to be informed. I deny the right to suppress the name. I think they have the right to know what the name is.

\*   \*   \*

"*The Court:* Miss Fallis [plaintiff's counsel], as you know, it's a matter of judicial discretion, and I've already stated reasons for it; as far as I'm concerned, people that bring lawsuits cannot hide their identity. They are no more sensitive, I assume, to their—or, should be no less sensitive to the people that they name as defendants than they are to their own reputations, so, I'm going to grant the request for the identification and for the specifics which have been, apparently, agreed upon."

At a rehearing on the motion, plaintiff offered an affidavit from her treating psychotherapist whose

professional opinion was "that there is a high probability that public disclosure of Ms. Doe's name would be very detrimental to her mental health * * * [and t]hat public disclosure would very likely lead to unnecessary additional stress which could provoke an unnecessary setback in Ms. Doe's ability to function interpersonally and in her employment". Additionally, plaintiff provided two front-page articles from the Flint Journal regarding the prior suit and another Flint Journal article concerning her own suit against defendant. Once again, the trial court denied the motion.

Genesee County Circuit Court Rule 11 provides in pertinent part as follows:

"11.1 Orders of Suppression. Any party or his attorney may move the Judge in writing to suppress the pleadings filed in any action that has been assigned to him, for good cause shown."

Rule 11 tempers GCR 1963, 113.2 which mandates that "the title of the action shall include the names of all the parties" and, consistent with the aforementioned federal cases, places the decision to suppress within the discretion of the trial judge. Although the trial judge recognized the existence of his discretion in this matter, his statements lead us to conclude that he did not exercise it and, indeed, that he would never permit anonymity. An examination of the evidence reveals that a proper exercise of discretion in this case could have resulted in granting plaintiff's motion. Plaintiff's identity must be disclosed to defendant under appropriate protective orders if the motion is granted.

Remanded for rehearing of plaintiff's motion before a different judge. We do not retain jurisdiction.