No. 87,114

UNWITTING VICTIM, *Appellant*, v. C.S., *Appellee*.

(47 P.3d 392)

938

Opinion filed May 31, 2002.

*Benoit M.J. Swinnen,* of Schroer, Rice, P.A., of Topeka, argued the cause and was on the briefs for appellant.

*Nancy E. Freund,* of Murphy & Freund, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: Appellant filed a civil suit against appellee C.S. in the District Court of Shawnee County using the pseudonym "Unwitting Victim" instead of his name. C.S. immediately filed a motion to dismiss and a request for sanctions. On February 16, 2001, Shawnee County District Judge Terry L. Bullock granted C.S.'s motion to dismiss, finding that appellant's privacy interest was not of sufficient magnitude to warrant the use of an alias petition. Appellant now appeals the district court's dismissal of the civil suit. The matter is before this court pursuant to our own transfer under the authority of K.S.A. 20-3018(c).

Appellant's petition alleged four separate counts against C.S. In Count I, appellant alleged that C.S. failed to indicate that she had herpes prior to or during their intimate relationship and that it was not until after appellant developed genital sores that C.S. admitted she had contracted herpes 5 years earlier. In Count II, appellant claimed he was entitled to the return of an engagement ring given to C.S. or damages in the amount of $10,000. In Count III, appellant alleged that C.S. "enticed" appellant into placing funds into a joint checking account and then appropriated his money without his consent. Finally, in Count IV, appellant claimed that "[i]n addition to giving [appellant] herpes, the combination of [C.S.'s] drug use and sexual activity with homosexuals, has placed [appellant] in imminent fear of having contracted the deadly disease AIDS."

Appellant sought money damages of $500,000 in connection with Count I; the return of the engagement ring or $10,000 for

Count II; $8,000 in damages in connection with Count III; and $500,000 in connection with Count IV.

Within 2 weeks of the date the petition was filed, C.S. filed a motion to dismiss and request for sanctions. C.S. contended that appellant's petition was inappropriately captioned contrary to K.S.A. 60-210. According to C.S., appellant filed the petition keeping his identity private "while attacking the Defendant's character, morality, etc. in the sole effort to harass, embarrass, besmirch, smear, malign and otherwise destroy the reputation of the Defendant." C.S. additionally remarked in her motion to dismiss:

"That the Defendant is a self-employed person dealing in hygiene of others, and the allegations contained in this Petition are damaging to her career and financial industry and to make such allegations as a strong armed tactic to obtain a ring purchased with joint funds is without excuse and should not be tolerated by this Court."

Judge Bullock granted C.S.'s motion to dismiss, finding that appellant's petition had been improperly filed in violation of K.S.A. 60-210(a). Judge Bullock first found that K.S.A. 60-210(a) expressly requires petitions to include the names of the parties and that there were no Kansas cases allowing the use of alias petitions. However, Judge Bullock then discussed the Tenth Circuit Court of Appeals case *M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998), which involved the issue of whether a plaintiff could use a pseudonym.

Judge Bullock quoted a portion of the *Zavaras* opinion, stating that the use of a pseudonym by the plaintiff is a rare procedure to be allowed only where an important privacy interest is recognized. Then, concluding that appellant had "not displayed a privacy interest of such exceptional magnitude as to warrant anonymity," Judge Bullock held that appellant's petition had been improperly filed in violation of K.S.A. 60-210(a).

Following Judge Bullock's decision, appellant filed a motion to alter or amend the judgment pursuant to K.S.A. 60-259. Appellant alternatively requested that the district court allow him to amend his petition using his real name. The district court wrote that no new arguments or authorities had been presented and summarily denied the motion.

Appellant timely perfected his appeal pursuant to K.S.A. 60-2102(a). The notice of appeal indicates that appellant contests both the dismissal of the lawsuit and the denial of his motion to alter or amend.

Appellant requests this court to reverse the decision of the district court to dismiss and allow appellant to proceed using a pseudonym, or in the alternative, to permit the appellant to amend the petition using his real name.

The district court's decision granting dismissal may be broken into two distinct parts. The first part of the district court's decision involved the legal determination that under K.S.A. 60-210(a), a plaintiff may file an anonymous lawsuit where an important privacy interest exists. The second part of the court's decision involved a factual determination that appellant failed to display a privacy interest of a magnitude sufficient to warrant anonymous filing and, thus, that appellant's petition violated K.S.A. 60-210(a). Therefore, it is suitable to treat the two parts of the decision separately, applying the appropriate standard of review to each part.

The first part of the district court's decision consists of the legal conclusion that under K.S.A. 60-210(a), a plaintiff may file an anonymous lawsuit where an important privacy interest exists. We must determine whether 60-210(a) allows a plaintiff to institute a lawsuit anonymously. Such a determination entails the interpretation of K.S.A. 60-210(a). " 'Interpretation of a statute is a question of law. An appellate court's review of questions of law is unlimited.' " *Glassman v. Costello*, 267 Kan. 509, 517, 986 P. 2d 1050 (1999).

K.S.A. 60-210(a) provides:

*"Caption; names of parties.* Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in K.S.A. 60-207(a). *In the petition the title of the action shall include the names of all the parties,* but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." (Emphasis added.)

Here, appellant simply filed his petition using the pseudonym "unwitting victim" in place of his name. Appellant did not seek an order from the district court, but simply filed his petition under a fictitious name "to preserve his anonymity and to further prevent

additional damage to plaintiff." Appellant has also indicated that he wishes to avoid "the social stigma associated with venereal diseases and the grave emotional burden that results from its admission in future personal relationships."

Appellant argues in favor of interpreting 60-210(a) as allowing anonymous or pseudonymous pleading, noting that the United States Supreme Court in *Roe v. Wade*, 410 U.S. 113, 124, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973), implicitly recognized the propriety of employing a fictitious name in anonymous pleadings. This assertion is uncontested. Appellant additionally contends that because the Kansas Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, and because the federal courts of Kansas and the Tenth Circuit acknowledge a plaintiff's right to proceed under a fictitious name, this court should also be persuaded to recognize the practice.

Despite the United States Supreme Court's implicit recognition of the practice of proceeding under a pseudonym, neither Kansas statutory nor case law explicitly recognize the propriety of anonymous or pseudonymous pleading. However, Kansas statutes and Kansas Supreme Court rules clearly mandate anonymity for juveniles involved in court proceedings. See K.S.A. 38-1507, K.S.A. 38-1552, and K.S.A. 38-1607; Supreme Court Rule 7.043 (2001 Kan. Ct. R. Annot. 50).

In addition, various Kansas statutes provide for confidentiality for witnesses and others under specific circumstances. See *e.g.*, K.S.A. 60-436 (providing that crime stoppers chapter member or government witness may keep the identity of an informant confidential); K.S.A. 39-1411(d) (mandating that the identity of the person reporting violations to the Kansas Department of Health and Environment not be disclosed unless it is adjudicated that the need for the information outweighs the need for confidentiality); K.S.A. 65-5603 (prohibiting treatment personnel from revealing the identity of a person that has been or is receiving mental, alcoholic, narcotic, or emotional treatment).

The Tenth Circuit Court of Appeals, however, has clearly expressed recognition of the propriety of anonymous pleading. Even

so, the Tenth Circuit has narrowly defined the permissible instances where a plaintiff may be identified by a pseudonym.

In *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118 (10th Cir.), *cert. denied* 444 U.S. 856 (1979), the plaintiff filed suit against Target Stores for false imprisonment, malicious prosecution, assault and battery, slander, and civil rights violations. Summary judgment was granted against plaintiff and he subsequently appealed. In a portion of its analysis, the Tenth Circuit Court of Appeals considered the plaintiff's contention that he should have been allowed to proceed anonymously under the fictitious name John Doe. The *Lindsey* court wrote:

"This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments. Yet the Supreme Court has given the practice implicit recognition in the abortion cases, *Roe v. Wade*, 41 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973), and *Doe v. Bolton*, 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973), with minimal discussion. Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children. We have found only a few cases where the propriety of the technique was discussed.

. . . .

"While the issue is not free from doubt we think all cases we reviewed implicitly, at least, recognize that identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." 592 F.2d at 1125.

In *Coe v. United States Dist. Court for Dist. of Colorado*, 676 F.2d 411 (10th Cir. 1982), the Tenth Circuit again considered the practice of identifying a plaintiff only by a pseudonym. There, a physician filed a complaint for injunctive and declaratory relief to restrain the Colorado disciplinary board from conducting a public hearing on a formal disciplinary complaint. In *Coe*, the Tenth Circuit quoted *Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), which discussed germane characteristics of anonymous suits:

"Under certain special circumstances, however, courts have allowed plaintiffs to use fictitious names. '[W]here the issues involved are matters of a sensitive and

highly personal nature,' such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.' *Id.* However, the cases affording plaintiffs anonymity all share several characteristics missing here. The plaintiffs in those actions, at the least, divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct. . . . Furthermore, all of the plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity." 599 F.2d at 712-13.

The *Coe* court ultimately weighed Dr. Coe's need for individual and professional privacy against the public's right to know the facts surrounding the disciplinary proceedings. The court concluded that the public interest outweighed Coe's privacy interest.

Judge Bullock cited the Tenth Circuit case of *Zavaras* as instructive. In *Zavaras*, a female inmate at a Colorado state facility brought a class action under 42 U.S.C. § 1983 (1994), alleging that the Executive Director of the Department of Corrections denied inmates funds for abortion services. After a United States District Court judge denied the inmate's motion for leave to proceed under a pseudonym, she appealed.

The *Zavaras* court observed that the test for anonymous pleading set forth in Tenth Circuit decisions involved "a weighing of a privacy issue against the public interest." 139 F.3d at 802. The *Zavaras* court held that although Fed. R. Civ. Proc. 10(a), the federal counterpart to K.S.A. 60-210(a), did not bar a plaintiff from filing suit using a pseudonym, the judge's denial of the motion did not constitute an abuse of discretion. 139 F.3d at 802.

Appellant also cites *C.R.K. v. Martin*, 1998 WL 1100062 (D. Kan. 1998), where the United States District Court for the District of Kansas refused to dismiss a case filed by a minor female plaintiff on the grounds that she had filed an anonymous civil action under the Violence Against Women Act, 42 U.S.C. § 13981 (1994). It is unclear whether the *Martin* court allowed plaintiff to proceed anonymously due to her minority. There, Judge Belot wrote:

"Defendant also moves to dismiss under Fed. R. Civ. P. 12(b)(6), alleging the plaintiff's complaint was not properly verified and the complaint is anonymous in violation of Fed. R. Civ. P. 10(a). Doc. 10. The court shall deny this motion.

. . . .

"The decision whether to allow the plaintiff to proceed under a fictitious name to preserve her anonymity involves a weighing of plaintiff's privacy against the public interest. *See M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). That decision is one committed to the district court's 'informed discretion.' *Id.* at 803. Due to the highly sensitive and personal nature of the allegations in the complaint, the court finds it appropriate for plaintiff to proceed under a pseudonym. The defendant knows the plaintiff's identity, based on the plaintiff's initials and the mother's full name on the verification. Unlike *M.M.*, *see id.* the present case does not involve the expenditure of public funds, and the court sees no compelling public interest in making the identity of the plaintiff known to the public." 1998 WL 1100062, *2.

These cases convince us that K.S.A. 60-210(a) should not act as an absolute bar to suits identifying a plaintiff by a pseudonym. Although anonymous or pseudonymous litigation is an atypical procedure, where an important privacy interest outweighs the public interest in the identity of the plaintiff, the plaintiff should be allowed to proceed anonymously.

Therefore, we find that Judge Bullock did not err in concluding that although K.S.A. 60-210(a) expressly requires the names of the parties, that statute does not bar anonymous or pseudonymous suits where an important privacy interest is recognized.

We now turn to the second part of the district court's decision where it found that the appellant failed to display a privacy interest of a magnitude sufficient to warrant anonymous filing. The Tenth Circuit Court of Appeals set forth its appellate standard of review when considering a court's refusal to permit an action to proceed anonymously.

"We believe that the proper standard of review upon appeal is whether the trial court abused its discretion." *Lindsey*, 592 F.2d at 1125. "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Wright ex rel. Trust Co. of Kansas v. Abbott Labs.*, 259 F.3d 1226, 1233 (10th Cir. 2001).

The record reveals that Judge Bullock did not conduct a hearing for the presentation of evidence and arguments on appellant's claimed privacy interest. Instead, the district court's decision appears to have been based solely on the pleadings, motion to dismiss,

and responses of the parties. In addition, the district court's decision does not recite any specific findings or relevant factors.

While foreign courts have adopted substantive tests enumerating factors for consideration when deciding whether a plaintiff may proceed anonymously, few, if any, mandate procedural requirements for the trial court. See, *e.g.*, *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) (listing substantive factors for determining the propriety of pseudonymous litigation with no procedural guidelines); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72 (D. R.I. 1992) (allowing anonymous litigation where public disclosure of plaintiff's identity would result in social stigma or threat of physical harm with no instruction as to procedure); *Doe v. Bodwin*, 119 Mich. App. 264, 326 N.W.2d 473 (1982) (setting forth factors for consideration and remanding matter to trial judge for redetermination with no procedural requirements).

In *Zavaras*, 2 days after plaintiff filed her complaint, the district court denied her motion for leave to proceed in pseudonym. There is no mention of a hearing, and presumably the district court's decision was based solely on the pleadings. There, the Tenth Circuit Court of Appeals observed:

"In the situation in the case now before us, it is clear that the district court exercised 'informed discretion' and weighed the plaintiff's claimed right to privacy against the countervailing public interest in determining that the motion to proceed under a fictitious name should be denied." 139 F.3d at 803.

At the time of the district court's decision, there was no Kansas statutory authority or case law mandating a certain procedure for determining whether a plaintiff could proceed anonymously. Moreover, Tenth Circuit decisions concerning anonymous pleading provided no guidance to the district court on procedural requirements. See generally *Zavaras*, 139 F.3d 798; *Coe*, 676 F.2d 411; *Lindsey*, 592 F.2d 1118. We therefore find that in this instance, the district court did not abuse its discretion by looking solely to the pleadings.

One legal scholar has suggested procedures for handling applications for pseudonymous litigation. See Steinman, *Public Trial,*

*Pseudonymous Parties: When Should Litigants be Permitted to Keep Their Identities Confidential*, 37 Hastings L. J. 1 (1985).

"The author recommends that, when a plaintiff seeks to sue pseudonymously, the complaint and summons should be captioned with a fictitious name substituted for plaintiff's true name, and that the same fictitious name should be used in the body of the pleading and summons. At the time the complaint is filed, or shortly thereafter, plaintiff should file and serve on all other parties to the litigation a motion requesting leave to proceed pseudonymously. In order to enable the court to balance plaintiff's interests in confidentiality against the public interest in access, plaintiff's motion should be accompanied by affidavits containing the facts supporting pseudonymity . . . and by a memorandum of law citing pertinent legal precedent.

"If plaintiff has no objection to disclosing his identity to co-plaintiffs or to defendants and their counsel, plaintiff should so indicate in the motion. Plaintiff's motion should request a protective order specifying the persons entitled to know plaintiff's identity and prohibiting them from further dissemination [sic] the information. . . . If plaintiff objects to disclosing his identity either to other litigants and their counsel, or to both the adversaries and the court, plaintiff should again so indicate in the initial motion and memorandum of law.

"The other parties should then file papers indicating their agreement with or opposition to the relief plaintiff has requested. Insofar as they oppose pseudonymity, the parties should file sworn factual material and memoranda of law in support of their position. The court should also permit the press and public to oppose pseudonymity and any related orders proscribing dissemination of identifying information to the public or press.

"The court should then rule on plaintiff's motion, entering appropriate orders supported by findings of fact and conclusions of law adequate to justify its decisions and sufficient for appellate review. If the trial court denies plaintiff permission to sue pseudonymously, it should order dismissal without prejudice and with leave to amend the complaint to substitute plaintiff's true name." 37 Hastings L.J. at 86.

We recommend the above procedure with the following reservation. It would seem appropriate until the court has an opportunity to examine the allegations that both parties be identified in the pleadings by a pseudonym. It would also seem appropriate that the allegations be incorporated by reference into the pleadings but be contained in a separate instrument that is sealed and remains sealed until the trial judge deems otherwise.

Anything that could be embarrassing to either party should be included in the motion which should be sealed and remain sealed until ordered to be opened by the trial judge.

Only in the rarest of cases should the trial judge allow the use of pseudonyms.

Next, we turn to the substantive portion of the district court's determination that appellant failed to display a privacy interest of sufficient magnitude to warrant anonymity. Since *Zavaras* was cited in the district court's decision, we must presume that this was the test applied by Judge Bullock. The Tenth Circuit Court of Appeals in *Zavaras* set forth a balancing test, stating that the district court must weigh "the plaintiff's claimed right to privacy against the countervailing public interest in determining that the motion to proceed under a fictitious name should be denied." 139 F.3d at 803.

"Many courts have attempted to articulate a standard for determining the propriety of pseudonymous litigation. A review of the case law indicates that courts which have addressed this issue have formulated various standards, albeit dissimilar, through which the competing interests at stake have been weighed to determine whether a party should be permitted to proceed in pseudonym. [Citation omitted.] This Court recognizes the strong public interest militating against pseudonymity—the public right of access to civil judicial records and proceedings. The public right of access to civil judicial proceedings has as its bases, constitutional law, the common-law and public policy grounds. The public's right to know the true identity of the parties is concomitant with the right of public access to judicial proceedings and records. [Citation omitted.] In contrast to these public interests, there exists private and public interests that favor the use of pseudonyms in litigation. For example, litigants may have a strong interest in protecting their privacy or avoiding physical harm. [Citation omitted.] Further, the public may have a strong interest in protecting the privacy of plaintiffs in controversial cases so that these plaintiffs are not discouraged from asserting their claims. It is these competing interests, in addition to others not mentioned herein, that courts have attempted to balance in determining whether a party should be permitted to proceed in pseudonym." *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 466-67.

We find that the balancing test set forth in *Zavaras* which weighs the interests of the public against the interests of the party seeking anonymity is proper. Therefore, this court adopts the balancing test of *Zavaras*. When determining whether to allow a party to proceed under a fictitious name, a district court must weigh the plaintiff's claimed right to privacy against the countervailing public interest militating against pseudonymity.

To determine whether a litigant has established cause for anonymity, the legal scholar mentioned above crafted nine factors for a court's consideration when weighing the interests of the public against the interests of the party seeking anonymity. See Steinman, 37 Hastings L.J. at 37-43. In 1997, the United States District Court for the Eastern District of Pennsylvania adopted the nine factors test, stating:

"The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. [Citation omitted.]

"On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. [Citation omitted.]" 176 F.R.D. at 467-68.

To determine whether the district court reached the correct decision here, we apply the nine factors test to the facts of this case. First, the appellant's identity is known to the defendant, but not to the public at large. Notably, the appellant instituted measures to keep his identity unknown by the public by using the pseudonym "unwitting victim." Second, appellant stated in his petition that he brought suit under a fictitious name "to preserve his anonymity and to further prevent additional damage to plaintiff." In his brief, appellant indicates he wishes to avoid "the social stigma associated with venereal diseases and the grave emotional burden that results from its admission in future personal relationships." The basis for nondisclosure appears to be related to the humiliation and social stigma appellant would potentially suffer upon public disclosure that he had contracted an incurable venereal disease. While public

knowledge could result in social stigma, there is no indication that the appellant will suffer criminal sanctions, physical harm, or economic hardship. Third, a narrow public interest exists in maintaining the confidentiality of the litigant's identity because of the intimate subject matter of this suit. Fourth, the issues involved in the litigation concerning C.S.'s potential liability for allegedly infecting appellant with a venereal disease appear more factual in nature than legal. Fifth, appellant has not indicated that he will refuse to pursue the case if he must be publicly identified. Sixth, C.S. alleges that appellant is acting with illegitimate ulterior motives, keeping his name private while attacking C.S. in an effort to harass and embarrass her.

Next, we consider the factors adverse to the use of a pseudonym. Here, the most potent factor militating against anonymity is the universal public interest in access to the identities of litigants.

"This Court recognizes the strong public interest militating against pseudonymity—the public right of access to civil judicial records and proceedings. The public right of access to civil judicial proceedings has as its bases, constitutional law, and the common-law and public policy grounds. The public's right to know the true identity of the parties is concomitant with the right of public access to judicial proceedings and records." *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 466-67.

The Fifth Circuit Court of Appeals wrote in *Wynne & Jaffe* that "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. . . . Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." 599 F.2d at 713. Such is the case here. The social stigma to appellant is no greater than that which C.S. must bear.

Therefore, we hold that the district court did not abuse its discretion when it found that appellant failed to demonstrate a privacy interest of the magnitude warranting anonymity, and in finding that appellant's petition had been improperly filed in violation of K.S.A. 60-210(a).

Appellant also asserts that the trial court erred by dismissing the petition instead of allowing him leave to amend.

Ordinarily, a court should give a plaintiff an opportunity to amend and that opportunity should be freely given. *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, Syl. ¶ 15, 913 P.2d 119 (1996). However, the court has a certain amount of discretion in these matters, and in this particular case, the plaintiff did not request permission to amend the petition to substitute his name for "unwitting victim' until after the case had been dismissed. Under the circumstances, we cannot say the trial judge abused his discretion.

Affirmed.

LOCKETT, J., not participating.

KNUDSON, J., assigned.

ALLEGRUCCI, J., concurring and dissenting: I concur with the majority that the trial court did not abuse its discretion in not allowing the plaintiff to proceed anonymously. I dissent from the majority holding that the trial court did not abuse its discretion in denying the plaintiff to amend his petition using his real name.

The majority recognizes that leave to amend should freely be given. The majority finds no apparent or declared reason for the trial court to deny the motion to amend. There is no undue delay, bad faith, or dilatory motive on the part of the plaintiff, nor will defendant suffer undue prejudice if plaintiff's motion to amend is granted. In addition, judicial economy is certainly not served by denying the plaintiff the right to amend.

The majority reasons that the trial court has a "certain amount of discretion" and since the plaintiff's request to amend was made after the trial court granted defendant's motion to dismiss, it was not an abuse of discretion. It seems obvious that the motion to amend necessarily has to be filed after the defendant's motion was granted. Further, that the trial court has a certain amount of discretion is a given; the issue is whether it has abused that discretion.

It makes no sense to me to require the plaintiff to refile the petition and repeat the whole process simply to insert his real name. I would remand with directions to grant the plaintiff's motion to amend his petition.