(107 P.3d 1245)

No. 92,232

STATE OF KANSAS, *Appellee*, v. MATTHEW L. SLIMMER, *Appellant*.

Opinion filed March 4, 2005.

*Teresa L. Sittenauer* and *James P. Nordstrom*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellant.

*Robert D. Hecht*, district attorney, *Deborah L. Hughes*, assistant district attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MALONE and GREENE, JJ.

MALONE, J.: Matthew L. Slimmer was convicted of driving under the influence of alcohol (DUI) and was sentenced as a second offender pursuant to K.S.A. 2004 Supp. 8-1567(m)(3). This section, as amended in 2001, provides that any convictions occurring during a person's lifetime shall be taken into account when determining the sentence to be imposed for a DUI offense. Prior to the amendment, only convictions occurring in the immediately preceding 5 years could be considered in determining a sentence for DUI. Slimmer appeals his sentence, arguing that the 2001 amendment, as applied in this case, violates the Contract Clause of the United States Constitution because it allowed the district court to consider a 14-year-old diversion agreement in determining Slimmer's sentence for DUI. We reject Slimmer's argument and affirm his sentence.

The facts are undisputed. Slimmer was prosecuted for DUI in August 1988 by the City of Topeka (City). He disposed of the case by entering into a diversion agreement with the City in November 1990. The diversion agreement provided that the case would be dismissed with prejudice if Slimmer fulfilled all terms of the agreement.

The agreement also stated: "The defendant understands that even if this case is ultimately dismissed, this diversion counts for the next five years as a conviction under State and City law for sentencing purposes in any subsequent D.U.I. case . . . ." This language accorded with the DUI statute in effect at the time of the agreement, which contained a "decay" provision that only convictions occurring in the immediately preceding 5 years could be considered in determining the sentence to be imposed for a DUI offense. See K.S.A. 1990 Supp. 8-1567(m)(3).

In 2001, the Kansas Legislature amended the DUI statute, which removed the decay provision. The amended DUI statute provides: "*[A]ny convictions occurring during a person's lifetime* shall be taken into account when determining the sentence to be

imposed for a first, second, third, fourth or subsequent offender." (Emphasis added.) K.S.A. 2004 Supp. 8-1567(m)(3). For the purpose of determining the sentence for a DUI offense, "conviction" includes entering into a diversion agreement in lieu of further criminal proceedings. K.S.A. 2004 Supp. 8-1567(m)(2).

Slimmer was again arrested for DUI in December 2002 and was prosecuted in Shawnee County District Court. Pursuant to the amended law, the State charged Slimmer as a second offender based on the 1990 diversion agreement.

In October 2003, a jury found Slimmer guilty of DUI. Prior to sentencing, Slimmer objected to his criminal history arguing that usage of the 1990 diversion agreement to enhance his sentence deprived him of due process of law. The district court denied Slimmer's objection and sentenced him as a second offender on March 19, 2004. Slimmer timely appeals.

Slimmer argues for the first time on appeal that K.S.A. 2004 Supp. 8-1567(m)(3), as applied in this case, violates the Contract Clause of the United States Constitution which prohibits states from passing laws impairing the obligations of contracts. U.S. Const. art. I, § 10, cl. 1. According to Slimmer, the 1990 diversion agreement was a contract which the legislature could not impair by subsequent legislation. Slimmer contends that the legislature's removal of the 5-year decay provision in the DUI statute impaired the 1990 diversion agreement which stated that "this diversion counts for the next five years as a conviction under State and City law for sentencing purposes in any subsequent D.U.I. case."

" 'Interpretation of a statute is a question of law, and our review is unlimited.' [Citation omitted.]

" 'A statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down. This court not only has the authority, but also the duty, to construe a statute in such a manner that it is constitutional if the same can be done within the apparent intent of the legislature in passing the statute.' [Citation omitted.]" *U.S.D. No. 443 v. Kansas State Board of Education,* 266 Kan. 75, 91-92, 966 P.2d 68 (1998).

In addition, "[t]he interpretation and legal effect of written instruments are matters of law, and an appellate court exercises un-

limited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. [Citation omitted.]" *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001).

"As a general rule, an issue not presented to the lower court will not be considered on appeal." *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). However, review of such an issue becomes appropriate if "[t]he newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case, [or] consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights." 275 Kan. at 288-89. The issue presented to this court is strictly a legal question making review appropriate.

The Contract Clause provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I, § 10, cl. 1. Although this language "appears facially absolute, it must be considered in conjunction with the reserved power of the [S]tate to protect the vital interests of the community." *Federal Land Bank of Wichita v. Bott*, 240 Kan. 624, Syl. ¶ 3, 732 P.2d 710 (1987).

"The test for determining whether a state law violates the contract clause of the United States Constitution is whether: (1) [t]he state law has, in fact, operated as a substantial impairment of a contractual relationship; (2) there is a significant and legitimate public purpose behind the legislation; and (3) the adjustment of the contracting parties' rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." *Bott*, 240 Kan. 624, Syl. ¶ 4.

Where a contract is one between a political subdivision of a state and a private individual, "settled principles of construction require that the obligation alleged to have been impaired be clearly and unequivocally expressed." *Keefe v. Clark*, 322 U.S. 393, 396, 88 L. Ed. 1346, 64 S. Ct. 1072 (1944). The only provision in the 1990 diversion agreement dealing with future use of the diversion stated: "The defendant understands that even if this case is ultimately dismissed, this diversion counts for the next five years as a conviction under State and City law for sentencing purposes in any sub-

sequent D.U.I. case . . . ." This language contained no promise by the City that the diversion would *only* count for the next 5 years. The language did not expressly and unequivocally grant Slimmer immunity from future changes in state law; rather, the provision merely apprised Slimmer of then existing state and city law. Furthermore, this incorporation of existing law was of no consequence as existing laws are necessarily read into contracts in order to fix obligations between the parties. See *Home Bldg. & L. Assn v. Blaisdell*, 290 U.S. 398, 435, 78 L. Ed. 2d 413, 54 S. Ct. 231 (1934).

Slimmer argues that the statutory amendment substantially impaired his contract rights because he might not have entered into the diversion had he known that the effect of the agreement could last for more than 5 years. However, there is no evidentiary basis in the record to support this assertion. Slimmer still received the primary benefit of his diversion agreement which provided that the City case would be dismissed with prejudice if Slimmer fulfilled all terms of the agreement. Furthermore, the constitutional prohibition against the impairment of contracts is subject to the exercise by the State of its police power. *Bingo Catering & Supplies, Inc. v. Duncan*, 237 Kan. 352, 360, 699 P.2d 512 (1985). Thus, Slimmer's diversion agreement carried with it the implied condition that the State, under its police power, might amend the law or enact new laws that could affect the agreement.

In short, Slimmer's diversion agreement did not contain any promise by the City to immunize Slimmer from future changes in state law. Without such an obligation, there can be no impairment. Slimmer received the primary benefit of his diversion agreement, and the agreement was subject to changes in existing law. We hold K.S.A. 2004 Supp. 8-1567(m)(3), as applied in this case, does not violate the Contract Clause of the United States Constitution. The district court did not err in sentencing Slimmer as a second DUI offender.

Affirmed.