NOT DESIGNATED FOR PUBLICATION

No. 119,197

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIGUEL JEROME LOPEZ,
*Appellant*,

v.

SEDGWICK COUNTY D.A., et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed April 5, 2019. Affirmed.

*Miguel J. Lopez*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM:  Miguel Jerome Lopez appeals the denial of his K.S.A. Chapter 77 action challenging the requirement he now must register for 25 years and not 10 years as required at the time he entered his plea. On appeal, Lopez raises three arguments. First, the change in the law violates the Contract Clause of the United States Constitution; second, the court committed misconduct by not allowing him to proceed with the case using a pseudonym; and third, for failing to recuse and/or to apply Pennsylvania law to his Kansas case. Upon extensive review of the record and the parties' briefs, we find no support in the law for Lopez' claims. We affirm.

1

FACTS

Lopez pled guilty to indecent solicitation of a child. In May 2002, the district court sentenced Lopez to 34 months' imprisonment and granted his departure motion to 24 months of supervised probation. The district court informed Lopez of his duty to register as a sex offender.

In December 2017, Lopez filed a pro se petition for declaratory judgment against the State of Kansas, the county district attorney, the county sheriff, and the Kansas Bureau of Investigation (KBI) director. Lopez argued the defendants violated the Contract Clause of the Constitution of the United States by increasing his sex offender registration term from 10 to 25 years. His petition also asked for permission to proceed under a pseudonym because of possible discrimination he and his family might face because of his status as a registered sex offender.

The KBI Director and county sheriff moved to dismiss for lack of jurisdiction and failure to state a claim. Lopez moved to amend his petition so it would be filed under "K.S.A. Chapter 77" rather than Chapter 60.

The district court granted the KBI director's and the county sheriff's motions to dismiss. The court also granted Lopez permission to file an amended petition against the State. Lopez filed his amended petition in February 2018. The amended petition is largely the same as his original petition except it was filed under Chapter 77.

Lopez then moved for a hearing on his petition. Attached to his motion was a decision from the Superior Court of Pennsylvania, *Commonwealth v. Ritz*, 153 A.3d 336 (2016), which he argued supported his case and the district court should apply.

On March 30, 2018, Lopez presented his arguments to the district court. The State did not appear. Lopez relied heavily on *Ritz* to support his arguments. The district court explained it was bound by Kansas caselaw, rather than Pennsylvania law. The court noted Lopez was unable to show the plea agreement mentioned the period of registration. The court also explained the Kansas Supreme Court had addressed similar issues contrary to his claims.

The district court denied Lopez' motion.

ANALYSIS

*Issue not raised below*

Before addressing the merits of Lopez' appeal, the State argues Chapter 77, the Chapter under which Lopez filed his amended petition, is not the appropriate vehicle for Lopez' claim. While the State is likely correct the Kansas Judicial Review Act (KJRA) is not appropriate for this type of case, they did not appear at the hearing to raise this argument, and the district court chose to construe Lopez' arguments "liberally" and found Lopez "found a proper mechanism to put the Contracts Clause challenge in play."

*No contract claim*

Lopez' main argument on appeal is the district court erred by dismissing his case for failure to state a claim upon which relief can be granted. Lopez' argument relies on his claim the State violated the Contract Clause of the United States Constitution which states: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. Art. 1, § 10, cl. 1.

We exercise unlimited review over the interpretation and legal effect of written instruments and the appellate court is not bound by the lower court's interpretation of

3

those instruments. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014). Whether the State breached a plea agreement presents a question of law, so appellate review is de novo. *State v. Urista*, 296 Kan. 576, 582-83, 293 P.3d 738 (2013)

Under the law when he was sentenced, Lopez was subject to a 10-year period of registration as a sex offender. See K.S.A. 2001 Supp. 22-4906(a)(1). However, the Legislature changed the law in 2011 and, under the new law, Lopez became subject to a 25-year period of registration as a sex offender. See K.S.A. 2011 Supp. 22-4906(b)(1)(B).

The Kansas Supreme Court held "[l]ifetime postrelease registration for sex offenders mandated by the Kansas Offender Registration Act [KORA], K.S.A. 22-4901 *et seq.*, does not constitute punishment for purposes of applying provisions of the United States Constitution" and could apply retroactively. *State v. Peterson-Beard*, 304 Kan. 192, Syl. ¶ 1, 377 P.3d 1127 (2016). A short time later, the Kansas Supreme Court held that retroactively applying KORA did not violate the Ex Post Facto Clause of the United States Constitution. *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865 (2017).

There does not appear to be any Kansas caselaw discussing whether the changes to KORA violate the Contract Clause of the United States Constitution. However, Kansas has addressed similar issues involving past changes in how a person's criminal history can be used differently in the future. These cases provide guidance.

In *State v. Chamberlain*, 280 Kan. 241, 259-61, 120 P.3d 319 (2005), the Kansas Supreme Court held a change in DUI sentencing laws allowed the State to then consider the defendant's older DUI diversion agreement for sentencing calculations, even though the DUI diversion could not have been considered under the prior DUI sentencing law. Chamberlain was charged with DUI in 2002 after previously entering into DUI diversion agreements in 1986 and 2001. Chamberlain argued the State could not use his 1986

4

diversion agreement to enhance his sentence because when he entered into the agreement only convictions or agreements within the last five years could be considered.

While addressing Chamberlain's Contract Clause claim, the Kansas Supreme Court noted the Contract Clause's "'prohibition has been construed as preventing the States from passing any statute which will alleviate the commitment of one party to a contract or which interferes with the enforcement of the contract.'" 280 Kan. at 255 (quoting *Federal Land Bank of Wichita v. Bott*, 240 Kan. 624, 629, 732 P.2d 710 [1987]). While the prohibition seems "facially absolute, it must be considered in conjunction with the reserved power of the State to protect the vital interests of the community." 280 Kan. at 255. Additionally, there is no violation of the Contract Clause when the complained of law has not "'operated as a substantial impairment of a contractual relationship.'" 280 Kan. at 255 (quoting *Bott*, 240 Kan. 624, Syl. ¶ 4).

The Kansas Supreme Court found Chamberlain failed to meet a threshold requirement because he failed to show "any obligation of the 1986 diversion agreement ha[d] been impaired." 280 Kan. at 261. While "existing laws are necessarily read into contracts in order to fix obligations between the parties," the court reasoned the implied five-year term was "simply a statement of the law for DUI sentencing enhancement at that time." 280 Kan. at 259-60. As the court noted, the State did not "expressly and unequivocally grant[] the defendant immunity from future changes in state law. Nor may such immunity be implied for 'an immunity from a change of the general rules of law will not ordinarily be implied as an unexpressed term of an express contract.'" 280 Kan. at 260 (quoting *Chicago & Alton R.R. v. Tranbarger*, 238 U.S. 67, 76, 35 S. Ct. 678, 59 L. Ed. 1204 [1915]).

In *Chamberlain*, the Kansas Supreme Court also cited approvingly to *State v. Slimmer*, 33 Kan. App. 2d 682, 107 P.3d 1245 (2005). *Chamberlain*, 280 Kan. at 258-59. The facts in *Slimmer* are functionally the same as those in *Chamberlain*. See

5

*Chamberlain*, 280 Kan. at 243-44; *Slimmer*, 33 Kan. App. 2d at 683-84. In *Slimmer*, a panel of this court noted "the constitutional prohibition against the impairment of contracts is subject to the exercise by the State of its police power" and "Slimmer's diversion agreement carried with it the implied condition that the State, under its police power, might amend the law or enact new laws that could affect the agreement." 33 Kan. App. 2d at 686.

In this case, it is impossible for this court to say with certainty what the plea agreement between the State and Lopez said because Lopez failed to include the plea agreement in the record. The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Without a plea agreement to examine, this court cannot determine whether the contract in this case expressly and unequivocally granted Lopez immunity from future changes in state law which could disadvantage him. See *Chamberlain*, 280 Kan. at 260.

But this court can assume the contract contained no express mention of Lopez' registration requirements because the district court appeared to have a copy of the plea agreement when it heard Lopez' motion. The district court noted the plea agreement contained no mention of the period of registration. Given these facts, Lopez fails to meet the threshold requirement of showing "'a substantial impairment of a contractual relationship,'" and his claim fails. See 280 Kan. at 255 (quoting *Bott*, 240 Kan. 624, Syl. ¶ 4).

*No judicial misconduct*

Lopez presents two additional arguments we will also address. Lopez argues the district court committed judicial misconduct by refusing to allow him to proceed under a

6

pseudonym, by conducting the hearing in an unfair manner in failing to recuse itself, and by not applying the Pennsylvania case, *Ritz*, to his claims for relief.

*Proceeding under a pseudonym*

Lopez first argues the court committed judicial misconduct by denying his motion to proceed under a pseudonym. While "anonymous or pseudonymous litigation is an atypical procedure, where an important privacy interest outweighs the public interest in the identity of the plaintiff, the plaintiff should be allowed to proceed anonymously." *Unwitting Victim v. C.S.*, 273 Kan. 937, 944, 47 P.3d 392 (2002). The decision of whether to allow a litigant to proceed anonymously is within the discretion of the district court. 273 Kan. at 944.

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

The district court did not abuse its discretion by denying Lopez' motion in this case. Lopez filed his petition using his name in the caption. His name was already part of the record. The recommended practice is to file the complaint and summons with a fictitious name substituted as requested and to nearly simultaneously move for leave to proceed pseudonymously. *C.S.*, 273 Kan. at 946. Lopez did not do so here. Further, his arguments relied on a finding his family would be at risk and he would suffer social repercussions by having his name attached to the litigation. Lopez included no support, legal or factual, in his motion to the district court or in his brief to us. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *University*

*of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

The district court did not abuse its discretion nor did it commit misconduct by denying Lopez' motion. The court's decision was not based on an error of law or an error of fact, nor can this court say no reasonable person would have taken the court's view.

*Not applying* Ritz *and conducting the hearing in an unfair manner*

Lopez' argument focuses on the fact the district court did not apply *Ritz*. However, *Ritz* is a Pennsylvania case which provides persuasive authority at best. Here, the district court was duty bound to follow Kansas caselaw which is on point and properly apply it to this case. See *Chamberlain*, 280 Kan. 241. It was proper for the district court to apply *Chamberlain* over *Ritz*.

Lopez argues the judge should have recused himself because he did not apply *Ritz*, but his argument is unpersuasive for the same reasons stated above.

Affirmed.