NOT DESIGNATED FOR PUBLICATION

No. 128,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

REENA PATEL,
*Appellee*,

and

SRINIVAS YENDRU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KELLIE E. HOGAN, judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.

*Kaitlin M. Dixon*, of LawPoint, LLC, of Wichita, for appellant.

*Grant A. Brazill*, of Morris Laing Law Firm, of Wichita, for appellee.

Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.

HILL, J.: The work of our courts is public business, but not all of that business should be made public. There are reasonable limits to the public disclosures of some court records. Trade secrets, military secrets, and facts that their revelation would serve no other purpose but to promote scandal and public embarrassment may be protected from public scrutiny. Thus, by law, a court may seal some court records.

A sealed record is the subject of this appeal. Srinivas Yendru and Reena Patel were divorced and enjoyed joint custody of their child, A.Y., until he turned 18. Yendru

appeals a district court's order sealing the record of a motion that he had filed regarding parenting time on A.Y.'s graduation weekend.

*This record reveals a history of court combat.*

Yendru and Patel engaged in a contentious divorce action in 2011 and have continuously litigated the custody of their son, A.Y., ever since. The motion giving rise to this appeal stems from A.Y.'s high school graduation weekend, which fell on Yendru's scheduled parenting time. Upon Patel's request, the parties' case manager recommended the parents split parenting time on that special weekend. Yendru did not agree and moved for a court order to enforce his scheduled parenting time. That motion included inflammatory information about an alleged affair that Patel had had over a decade earlier. Graduation day passed before Yendru set the motion for a hearing, so the court ultimately dismissed the motion as moot and ordered it sealed. Yendru now appeals— but only the district court's order sealing the motion. He wants his motion with all of his allegations open to anyone who chooses to read it.

*A timeline of events and a brief review of the case history helps our focus.*

Patel and Yendru, who are both successful doctors in the Wichita area, divorced in 2011 when their child, A.Y., was four years old. Their divorce was fraught with contention, and the district court appointed a limited case manager—at the time, Lance Parker—to make recommendations regarding the custody of A.Y. After years of frequent disagreements and returning to court to resolve minor parenting time disputes, in 2018 the court ordered upon its own motion a case manager be appointed again. The new case manager chosen was Jeanne Erikson.

In May 2024, A.Y. was set to graduate high school, and the graduation fell on Yendru's weekend for parenting time. Patel requested that she have A.Y. at her house

from Thursday-Sunday of graduation weekend; Patel had already scheduled a party with A.Y.'s friends on that Saturday and A.Y. knew of the event. On March 26, the case manager recommended that the parents split the weekend—Friday and Saturday with Patel; Sunday and Monday with Yendru. The case manager noted that she did not consult A.Y. in reaching this recommendation because "prior interviews over time indicate it stresses him to displease either parent and be put in the middle when the parties cannot resolve a conflict about his schedule."

Yendru objected and requested a court review of the case manager's recommendation. In this motion, Yendru claimed that Patel had long tried to drive a wedge between him and A.Y. by making Yendru the "bad guy" for wanting to enforce the court's custody order.

The motion also included a portion with the heading "Special Circumstances" in which Yendru alleged improper conduct by Patel for events that occurred 13 years before the motion was heard. It is this special circumstance portion of the record that is sealed.

The panel has read this sealed record.

Yendru then requested in his motion that the court order graduation weekend to remain as his parenting time and award attorney fees and costs related to the motion. Yendru filed a seemingly identical motion the next day. But Yendru never set either motion for a hearing. Yendru also served Patel a set of interrogatories and requests for production—inquiring into what types of communications Patel had with any person, including family and friends, and any venues, restaurants, etc. regarding the graduation party as well as a list of who was invited to the party.

In May 2024, Patel responded to Yendru's motion asking the court to overrule Yendru's objections to the case manager's recommendation and seeking costs associated

with responding to the motion. She noted that in 2011 the court declined to seal the deposition transcript where Patel was questioned about the allegations made in the sealed record but ordered that Patel's deposition "may not be used outside this proceeding and may not be disseminated by either party or counsel"—thus suggesting that Yendru's 2024 motion violated the 2011 order by discussing the subject matter of the deposition.

Then on June 3, 2024, Patel moved to strike Yendru's motion and quash his discovery requests, arguing that the issues raised in the motion were now moot as the graduation weekend had come and gone before any further action by Yendru or ruling by the court. She also requested attorney fees "under K.S.A. 60-211(c) which allows the Court to sanction any attorney, law firm, or party that violates K.S.A. 60-211(b)(1) (requiring that pleadings or motions not be presented for any improper purpose, such as harassment)." Patel did not request that Yendru's motion be sealed.

On June 12, 2024, the district court issued an order noting Yendru's motion and the interrogatories and requests for production he served on Patel, Patel's response, and her motion to strike and quash. The court found that oral argument would not help determine the pending motions. It then overruled Yendru's motions as moot because the graduation had already passed and the court no longer had jurisdiction over A.Y. because he was now 18 years old. The court quashed Yendru's discovery requests accordingly. Finally, the court ordered Yendru's motion be placed under protective seal—upon its own motion—allowing only the court, the attorneys for the parties, and the parties to have access to them.

*By statute, a district court can seal a record.*

We view this as a matter of trial court discretion. Our statute, K.S.A. 2024 Supp. 60-2617(d), speaks of the court making a good cause finding:

4

"(d) Good cause to close a proceeding or seal or redact records, whether upon the motion of a party, or on the court's own motion, does not exist unless the court makes a finding on the record that there exists an identified safety, property or privacy interest of a litigant or a public or private harm that predominates the case and such interest or harm outweighs the strong public interest in access to the court record and proceedings."

Even though the court entered this order on its own motion and did not identify any specific privacy interest it was protecting in this order, we think it did so implicitly. It seems to us to be an attempt to enforce its prior order concerning a deposition.

In 2011, the district court ordered that the deposition involving questions of an affair by Patel "not be used outside this proceeding and may not be disseminated by either party or counsel." Yet it was these same allegations that Yendru pointed to in arguing against Patel's response to his motion about visitation 13 years later. Frankly, we fail to see how these old claims of an affair affect how visitation should be divided at the time of their son's graduation.

We see no real public interest at stake here. Our Supreme Court in *Unwitting Victim v. C.S.*, 273 Kan. 937, 947-48, 47 P.3d 392 (2002), listed factors for a court to consider in determining whether a litigant has established cause for anonymity, including whether there is an abnormally weak public interest in the litigation because of the purely legal nature of the issues presented, and whether the opponent's motivations are legitimate.

We also see no abuse of discretion here. The court was not required to hold a hearing on this matter since it was simply enforcing its prior order. We affirm the district court in all respects.

Affirmed.